tion of the assignee before it could enforce the lien. Only such liens as are on property in the possession of the court will be enforced by it. The lien the sheriff claims here cannot, as the case stands, be enforced in this court.

Question the third is answered by referring to sections 38 and 47 of the bankrupt act. Section 38 makes the filing of a petition for adjudication in bankruptcy upon which an order may be issued the commencement of proceedings under the act. Section 47 makes the fifty dollars deposit as security for register's fees merely an act preliminary to the issue of the warrant. An order of adjudication having issued, the time of filing the petition in the supreme court is the date of the dissolution of the attachment.

As to the regularity of the proceedings herein, I am of opinion that the petition filed by the assignee was improperly filed by him, inasmuch as he, having exempted the property attached was not interested in the subject matter of the petition. The special case, though not in all respects formal, is, taken together with the petition, sufficiently intelligible, and presents, by agreement of parties interested, a question properly determinable by this court.

The costs incident to the petition of the assignee, and all costs in this proceeding accrued prior to the filing of the special case, will be paid by the assignee personally; the remainder will abide the further order of the court.

[For prior proceedings in this litigation, see Case No. 11,393.].

## Case No. 11,395.

PRESTON v. COOPER.

[1 Dill. 589.] [1]

Circuit Court, D. Iowa. 1871.

MALICIOUS PROSECUTION—ACTION FOR DAMAGES—
EVIDENCE—PROOF.

1. Where a writ of attachment is sued out maliciously and without probable cause, and damage ensues, the defendant has a remedy on common-law principles, aside from the remedy on the attachment bond.

2. To sustain an action at common law for maliciously suing out an attachment, it is not enough to show merely that the writ was wrongfully sued out because there was no debt due. The plaintiff must show malice, want of probable cause, and damage.

[Cited in Thompson v. Gatlin, 7 C. C. A. 351, 58 Fed. 535, 536.]

[Cited in Burton v. St. Paul, M. & M. Ry. Co., 22 N. W. 300, 33 Minn. 193.]

At law.

Phillips & Phillips, for plaintiff.
N. M. Hubbard, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

PER CURIAM. 1. Where a writ of attachment is sued out maliciously, and without probable cause, and damage ensues, the defendant has a remedy on common law principles, aside from the remedy on the attachment bond.

2. The only remedy of the attachment defendant, it seems, is upon the bond, or by an action for malicious attachment, in which latter case it is not sufficient to allege that the writ was wrongfully procured, but there must be allegations of malice and want of probable cause.

3. Where by statute no bond in attachment was required, and none given, the defendant, in the absence of legislation giving the right, cannot maintain an action against the plaintiff in attachment, by showing merely that the writ was wrongfully sued out, because there was no debt due from him, but he must show malice, want of probable cause, and damage, as required by the principles of the common law in actions for malicious prosecution.

## Case No. 11,396.

PRESTON v. GIBBONEY.

[Cited in Clark v. Gibboney, Case No. 2,821. See 29 Grat. 289.]

PRESTON (HATCH v.). See Case No. 6,208.

## Case No. 11,397.

PRESTON v. McGAUGHEY.

[Brunner, Col. Cas. 174; [1] 1 Cooke, 113.]

Circuit Court, D. Tennessee. 1812.

SLAVERY—PARTICULAR ESTATE IN FEMALE SLAVE
—ISSUE BORN—WHO ENTITLED THERETO.

The issue of a female slave, born during the pendency of a particular estate, are property of the remainder-man.

[Cited in McCutchen v. Marshall, 8 Pet. (33 U. S.) 241.]

On the 2d day of January, 1793, the plaintiff, Walter Preston, entered into an article of agreement with William M'Gaughey in the following words: "Articles of agreement, made and entered into, this second day of January, 1793, witnesseth, that William M'Gaughey hath sold unto Walter Preston one tract or parcel of land, lying in the Turkey Cove, in Powell's Valley, containing fourteen hundred acres, for the sum of forty-five pounds, to him in hand paid, the payment of which I hereby acknowledge to have received in a negro girl named Milly, about twelve years old; but in case the title of the land should fall through so that I cannot maintain said right to him, the said Preston, his heirs or assigns, then the said M'Gaughey shall deliver up the said negro; or in case she should be removed by death or other accident, then the said M'Gaughey

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]