WILLIAM J. SPECK *vs.* E. Z. C. JUDSON.

*Probable cause in actions for malicious prosecution.*

In an action for malicious prosecution, where the facts are disputed by which probable cause, or the want of it, is to be shown, a verdict will not be set aside, when it appears that it may be supported by the testimony—though the question of probable cause is for the court, where the testimony is undisputed, or upon such facts as are found by the jury.

ON EXCEPTIONS, taken in the superior court.

Speck *v.* Judson.

This was an action for false imprisonment of the plaintiff by an arrest upon a prosecution for larceny of defendant's property. Mr. Speck had been in the employ of the Prairie Scout Company, of which Mr. Judson was manager, and had charge of the stage pro-perty. Speck was discharged at Portsmouth, N. H., for getting some Indians, members of the dramatic company, drunk; but he came from there to Portland with the company and claimed that Judson owed a trifling balance of wages and was bound, under their engagement, to pay his fare back to Chicago. This claim he left with an attorney for collection and it was sued. Some French pistols had been missing for several weeks; Judson professed to suspect Speck of purloining them and had his trunk searched. The pistols were not found but a case and some cartridges for them were; and it was for stealing these, valued in the complaint at two dollars and a half, that Speck was arrested. He was discharg-ed by the municipal court of Portland upon the hearing. To the refusal of the justice to rule that there was probable cause, and no evidence of a want of probable cause, the defendant excepted.

*Nathan Webb*, for the defendant.

*Bradbury & Bradbury*, for the plaintiff.

PETERS, J. The only question presented by these facts is, whether the defendant had probable cause for the arrest of the plaintiff for larceny. Of course, that is a question for the court only, where the facts are not disputed; and, where they are in dispute, a question for the court, whether it is proved by such facts as the jury find from the evidence. The jury, in this case, undoubtedly believed that the defendant was revengeful and vin-dictive towards the plaintiff, and that he sought a pretence to prosecute him for larceny, when he had no reason to believe, and did not believe him to be guilty of it.

Upon a careful consideration of the testimony, we are unwilling to say that they were in error in arriving at such a conclusion.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.