DAVID BURTON *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

February 5, 1885.

**Malicious Prosecution of Civil Action—Probable Cause—Burden of Proof.**—In a suit for the malicious prosecution of a civil action and proceedings therein, the affirmative is on the plaintiff to show want of probable cause.

**Same—Probable Cause Defined.**—In such actions, "probable cause" may be defined as such reasons, supported by facts and circumstances, as will warrant a cautious man in the belief that his action, and the means taken in prosecuting it, are legally just and proper.

**Same—Question for Court—Question for Jury.**—What facts and whether particular facts constitute probable cause is a question exclusively for the court. What facts exist in a particular case, where there is a dispute in reference to them, is a question exclusively for the jury.

**Same—Submission to Jury.**—Where the facts are in controversy, the subject of probable cause should be submitted to the jury, either for specific

| 33 | 189 |
|----|-----|
| 40 | 415 |
| 33 | 189 |
| 41 | 525 |
| 33 | 189 |
| 53 | 441 |
| 33 | 189 |
| 63 | 259 |
| 33 | 189 |
| 74 | 143 |

findings of the facts, or with instructions from the court as to what facts will constitute probable cause.

**Same—Review of Action of Trial Court.**—While the question, what facts make out probable cause, is for the court, it is ordinarily, if not always, a question of fact to be determined upon the facts and circumstances of the particular case. For the purpose of reviewing the action of trial courts in determining the question of probable cause, appellate courts have treated it as a question of law because determined by the court, and have therefore considered and examined the evidence bearing upon it as freely as if the question was before them originally.

**Same—Finding Reversed.**—Finding of the trial court upon the question of probable cause in this case reversed.

**Same—Remedy of Party Injured.**—Unless a civil prosecution be malicious and without probable cause, the remedy of the party claiming to have been injured by it is confined to his right to costs and to an action upon any attachment or other indemnity bond given in the proceedings.

**Same—Recovery as for Conversion.**—In an action for malicious prosecution and attachment, plaintiff cannot recover as in an action in the nature of common-law trover for a conversion of the goods attached.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for malicious institution and prosecution of a civil action. The complaint alleges that in July, 1882, the plaintiff was the sole owner of a large and flourishing business at Fergus Falls, and had a stock of goods of the value of $15,000, the same being the whole of his property. That the defendant at this time commenced an action by attachment against the plaintiff and one Louis Brin, Jr., jointly, with the malicious and wrongful intent of ruining the plaintiff and destroying his business, and in that action charged the plaintiff with wrongful and unlawful conversions of defendant's property, with conspiracy to defraud defendant, with subornation of the servants of defendant to steal its goods, and with other torts and trespasses of unlawful and felonious character, whereby the defendant alleged that it had been damaged in the sum of $15,000. That in such action the defendant caused all of plaintiff's property to be seized on a writ of attachment, and his business and credit to be completely destroyed. That the defendant had no cause of action against plaintiff, and no ground, excuse, or probable cause for the prosecution of

the action and the seizure of plaintiff's property, and judgment was duly rendered therein in favor of this plaintiff. That the defendant has converted all of plaintiff's property. Damages are alleged as follows: $25,000 for the destruction of plaintiff's credit, and the shame, disgrace, and mortification caused him; $15,000 for the seizure and conversion of his stock; $56.42 for money converted; and $10,000, the value of the business destroyed. The answer justifies the bringing of the action against plaintiff and Brin, and denies malice, want of probable cause or any injury to the plaintiff.

The action was brought on for trial before *Young,* J., and a jury, and upon the conclusion of plaintiff's case, the action was dismissed on defendant's motion. Plaintiff appeals from an order refusing a new trial.

*Rea, Kitchel & Shaw* and *Jackson & Pond,* for appellant.

*C. D. O'Brien,* for respondent.

BERRY, J. The plaintiff sues for the instituting and prosecuting of a civil action against him, and for the procuring of an attachment therein, and its levy upon his goods and chattels, all, as alleged, with malice and without probable cause. In an action of this kind the affirmative is on the plaintiff to show want of probable cause. As respects a criminal prosecution, the following definition of "probable cause" is approved by many authorities, and in *Cole* v. *Curtis,* 16 Minn. 161, (182,) by this court, viz., "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged." This is followed and applied in *Casey* v. *Sevatson,* 30 Minn. 516. *Mutatis mutandis,* this definition is applicable to *civil* prosecutions or actions. As to them, probable cause may be defined as such reasons, supported by facts and circumstances, as will warrant a cautious man in the belief that his action, and the means taken in prosecuting it, are legally just and proper. 2 Greenl. Ev. § 454; *Stewart* v. *Sonneborn,* 98 U. S. 187.

What facts, and whether particular facts, constitute probable cause is a question exclusively for the court. What facts exist in a particular case, where there is a dispute in reference to them, is a question

exclusively for the jury. When the facts are in controversy, the subject of probable cause should be submitted to the jury, either for specific findings of the facts, or with instructions from the court as to what facts will constitute probable cause. These rules involve an apparent anomaly, and yet few, if any, rules of the common law rest upon a greater unanimity or strength of authority. *Sutton* v. *Johnstone*, 1 Term Rep. 493, (Lord Mansfield;) *Panton* v. *Williams*, 2 Q. B. 169; *Lister* v. *Perryman*, L. R. 4 H. L. 521; *Stone* v. *Crocker*, 24 Pick. 81; *Kidder* v. *Parkhurst*, 3 Allen, 393; *Ash* v. *Marlow*, 20 Ohio, 119; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Speck* v. *Judson*, 63 Me. 207; *Grant* v. *Moore*, 29 Cal. 644; *Thaule* v. *Krekeler*, 81 N. Y. 428; *Cole* v. *Curtis*, 16 Minn. 161, (182.)

But while the question, what facts make out probable cause, is for the court, it is ordinarily, if not always, really a question of fact to be determined upon the facts and circumstances of the particular case; and hence it has been sometimes regretted that it was not, as in the law of Scotland, a question for a jury. *Lister* v. *Perryman, supra.* Considerations of public policy, in view of the importance of not discouraging public prosecutions, or the prosecution of private suits in good faith and with honest purposes, have, however, led to the establishment and maintenance of the rule. *Cole* v. *Curtis, Stewart* v. *Sonneborn*, and *Stone* v. *Crocker, supra.*

For the purpose of reviewing the action of trial courts in determining the question of probable cause, the appellate courts have treated it as a question of law, because determined by the court, and have therefore considered and examined the evidence bearing upon it as freely as if the question was before them originally. See cases *supra.*

At the close of the plaintiff's case upon the trial below, defendant moved for a dismissal, upon the ground that the evidence did not make out a cause of action; meaning, as we understand it, that it did not show want of probable cause for the acts and proceedings complained of. The motion was granted, and in our judgment erroneously.

With reference to the foregoing observations upon the subject of "probable cause," we are of opinion that the evidence in this case, standing uncontroverted and unexplained, was sufficient to make out

at least a *prima facie* case of want of probable cause for the proceedings complained of.    As there is to be a new trial, we announce this conclusion without any detailed consideration, in this opinion, of the evidence and its tendency.    This is in accordance with our usual practice, and with what we deem to be ordinarily the wisest course to be pursued in such cases.    We are loath to disturb the action of a trial court in assuming the responsibility of withholding a case from the jury, but in this instance, after careful consideration of the evidence, and after making due allowance for any advantage possessed by a trial court for observing the bearing of the witnesses upon the stand, and whatever else may go to make up the atmosphere of the trial, we are clearly of opinion that the action should not have been dismissed, but the trial should have proceeded.

This disposes of the most important questions in the case; but, with reference to another trial, it will be expedient to consider one or two other matters presented by counsel.    And, *first*, unless a civil prosecution be malicious, and without probable cause, the remedy of the party claiming to have been injured by it is confined to his right to costs, and to an action upon any attachment or other indemnity bond given in the proceedings.    *Preston* v. *Cooper*, 1 Dill. 589; *Stewart* v. *Sonneborn, supra; Closson* v. *Staples*, 42 Vt. 209.    *Second.* There are two reasons why, in *this* action, the plaintiff should not recover as for a conversion of his goods: (1) The action is for a prosecution and attachment, malicious and without probable cause. An action in the nature of common-law trover, for a conversion of the goods by the levy of the attachment, is not within the issues in the case.    The evil consequences of being permitted to try an action of this kind upon the theory that if the evidence, admissible and introduced for the purpose of making out a malicious prosecution and attachment, is not *sufficient* for *that* purpose, it may make out a conversion, will be obvious to the practitioner upon a moment's reflection.    See *Walton* v. *Perkins*, 28 Minn. 413.    (2) By the final determination of the action (in which the attachment issued) in favor of the defendant therein,—the present plaintiff,—the attachment was dissolved, and the goods, which are, presumably, in the custody of the attaching officer, were subject to plaintiff's demand upon him,

without which no conversion would be implied from the omission to deliver the goods to the plaintiff, even against the officer, if he were a defendant here, as he is not.

Order reversed, and a new trial awarded.