## JOHN J. EISENHOUER v. J. LOUIS STEIN.

1. ACTION — *Two Causes Stated.* A petition filed in the district court, which alleges that defendant is indebted to plaintiff "to balance due as per settlement," and also on an open itemized account, states two separate causes of action.

2. CAUSES, *Not Separately Stated; Action, Dismissed.* When a petition embraces two separate and distinct causes of action in one count, and on motion plaintiff is required by the court to separately state and number them, and he refuses to do so, it is not error for the court to dismiss the action without prejudice to a future one.

### *Error from Dickinson District Court.*

THE opinion states the material facts.   At the May Term, 1885, the court dismissed the action by *Eisenhouer* against *Stein,* and gave judgment for defendant.   The plaintiff brings the case here.

*John H. Mahan,* for plaintiff in error.

*Stambaugh, Hurd & Dewey,* for defendant in error.

Opinion by HOLT, C.: The plaintiff filed in the district court his petition, the first item of which is: "October 24, 1874, to balance due as per settlement, $73.03;" then follows a very long open itemized account, none of the items of such account being a part of the $73.03.   The defendant filed his motion to compel the plaintiff to separately state and number his causes of action contained in the petition. The court sustained his motion; plaintiff refused to amend, and elected to stand upon his petition; the defendant then obtained twenty days from the rising of the court to answer the petition of the plaintiff.   A few days afterward, on the motion of the defendant, the court vacated the order permitting the defendant to answer, and dismissed this cause without prejudice to a future action, the plaintiff being present and objecting.   The plaintiff complains of the decision of the district court in compelling him to separately state and number

his causes of action, and also of the order dismissing the action. The petition embraces a cause of action on a settlement, and also one upon an open account. These constitute two separate and distinct causes of action, and the order of the court compelling him to separately number and state them was correct. When the plaintiff refused to amend, and determined to stand upon his petition, he compelled the trial court either to violate its own order and try the case in disregard of the long-established rules of practice, or to dismiss the action without prejudice. The trial court very properly refused virtually to nullify its own reasonable decision, and dismissed the action. This was right. We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.