## THOMPSON v. GATLIN et al.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1893.)

### No. 272.

1. FORCIBLE ENTRY AND DETAINER—RESTITUTION BOND—DAMAGES.

The restitution bond required of the plaintiff in a forcible entry and detainer suit by Mansf. Dig. Ark. § 3353, covers actual damages resulting from the dispossession, including the value of crops destroyed by plaintiff while in possession, but does not cover claims for malicious prosecution of the suit.

2. SAME—PLEADING—SEPARATE CAUSES OF ACTION.

Claims for actual damages on the restitution bond of a plaintiff in forcible entry and detainer, and for damages for malicious prosecution of the suit, which are not covered by the bond, constitute different causes of action, required by Mansf. Dig. Ark. § 5027, to be separately stated.

3. SAME—DAMAGES—PLEADING.

In an action for damages on the restitution bond given in a forcible entry and detainer case, failure to allege a determination of that case in plaintiff's favor is fatal.

4. SAME—MALICIOUS PROSECUTION—PLEADING.

A suit for malicious prosecution of a forcible entry and detainer case, is not maintainable in the absence of averments of want of probable cause, and the termination of the case in plaintiff's favor.

5. PRACTICE—PLEADING—DISMISSAL.

Plaintiff's refusal to comply with an order requiring him to separately paragraph his different causes of action, according to the local practice, justifies a dismissal of his case.

In Error to the United States Court in the Indian Territory. Affirmed.

Statement by CALDWELL, Circuit Judge:

This suit was brought by Brutus E. Thompson, the plaintiff in error, against W. L. Gatlin and others, the defendants in error, in the United States court in the Indian Territory. The complaint alleged that the defendants wrongfully and maliciously instituted in the United States court in the Indian Territory an action of forcible entry and detainer against the plaintiff to recover the possession of 200 acres of land and the houses and other improvements thereon, and that in pursuance to the command of a writ of possession issued in the cause, the plaintiff was ejected from the premises, and the possession of the same delivered to the defendants in this suit, who wantonly and maliciously cut and tore down and damaged the fences, houses, and other improvements on the land, and destroyed a crop of cotton and broom corn by turning stock in upon the same. It is further averred in the complaint that the plaintiff, to the knowledge of the defendants, was without means to procure another home or shelter for himself and family, and that by reason of the exposure and hardship brought about by his wrongful expulsion from the premises his wife was made sick and suffered a miscarriage. It is averred that the defendants "unlawfully, wrongfully, and maliciously conspired together to deprive this plaintiff of the possession of his home and said two hundred acre tract of land and the improvements and crops thereon," and that the destruction of the improvements and crops on the land and the exposure of himself and family "was the direct result and purpose of such conspiracy, and that plaintiff was actually damaged by the said destruction of said fences, houses, and other improvements and of said crops of cotton and broom corn to the amount of $2,089.25, a recovery for which said damages, however, is not asked in this suit; and that by reason of the plaintiff being deprived of the possession of said two hundred acre tract of land from the said —— day of July, 1891, to the said —— day of April, 1892, plaintiff suffered actual damages in the sum of four hundred and fifty dollars; and that by reason of his being:

deprived of the right to maintain his residence in the house upon said two hundred acre tract of land, and of the consequent suffering of himself and family, he has sustained actual damages in the sum of ten thousand dollars." The alleged wrongful and malicious acts of the defendants are again recapitulated and a claim made for "further damages in the sum of ten thousand dollars as exemplary damages," and the complaint concludes by praying judgment for $20,450. All these claims are stated as one cause of action, and in a single paragraph. The complaint does not allege want of probable cause for bringing the action of forcible entry and detainer, or that that action was terminated in favor of this plaintiff. The court, on motion of the defendants, required the plaintiff to paragraph his complaint. The plaintiff refused to comply with this order, whereupon the court dismissed his action for that reason, and this ruling is assigned for error.

Clifford L. Jackson, for plaintiff in error.
W. T. Hutchings, for defendants in error.

Before CALDWELL and SANBORN. Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The Code of Practice in force in the Indian Territory provides that "where the complaint contains more than one cause of action, it shall be distinctly stated in a separate paragraph and numbered." Mansf. Dig. Ark. § 5027. The plaintiff has chosen to divide his damages into four classes or heads, and to state the specific sum claimed under each head: (1) For the destruction of improvements and crops upon the land, the damages are alleged to be $2,089.25, but for some reason, not stated in the complaint, a recovery of these damages "is not asked for in this suit." (2) For being deprived of the possession of the land from July, 1891, to April, 1892, the complaint claims "actual damages in the sum of four hundred and fifty dollars." (3) For depriving the plaintiff of his right to maintain his residence in the house upon the land the complaint claims "actual damages in the sum of ten thousand dollars." (4) And for maliciously and oppressively depriving the plaintiff of the possession of the premises and destroying the improvements on the same, $10,000 are claimed as exemplary damages. The statute under which this action was instituted requires the plaintiff to execute a bond to the sheriff conditioned that he "will restore the possession of the lands, tenements, or other possessions in the complaint mentioned if restitution thereof be adjudged, and will pay the defendant all such sums of moneys as may be recovered against him by such defendant in the action for any cause whatever." Mansf. Dig. § 3353. Unless the action be malicious and without probable cause, the remedy of a party claiming to have been wrongfully dispossessed in an action of forcible entry and detainer is confined to his right to costs, and an action upon the bond required by the statute, and in such an action the plaintiff must allege the termination of the original suit in his favor. Burton v. Railway Co., 33 Minn. 189, 22 N. W. Rep. 300; Preston v. Cooper, 1 Dill. 589; Stewart v. Sonneborn, 98 U. S. 187; Closson v. Staples, 42 Vt. 209.

The $450 damages claimed under the second head are of identically the same character as those first set out, but not sued for; and both of these items of damages are such as could be recovered in an action on the bond.    The $2,089.25 and the $450 items of the damages cannot be split into two suits, and a recovery had in each.    A verdict and judgment in one suit would be a bar to the other.    The claim of $450 damages for the loss of the use and occupation of the land must, therefore, be regarded as representing the plaintiff's claim to damages on the bond, though imperfectly and insufficiently stated.

The damages claimed for malicious prosecution constitute a different cause of action, and should have been separately paragraphed.    This cause of action was also imperfectly stated, in that the complaint did not aver want of probable cause, and the termination of the suit in plaintiff's favor.    A recovery could be had for the damages specified under the first and second heads upon averments in the complaint and evidence that would not authorize a recovery for the other damages claimed.    Preston v. Cooper, supra; Stewart v. Sonneborn, supra.    The question whether these separate causes of action could be joined in one suit is not before us.    The plaintiff cannot avoid paragraphing his complaint by imperfectly stating the different causes of action.    The order of the court requiring the plaintiff to paragraph it was a reasonable one, and the plaintiff having defied the authority of the court in the premises the action was properly dismissed.    Eisenhouer v. Stein, 37 Kan. 281, 15 Pac. Rep. 167.    We may add that if the court erred in the matter it was not prejudicial error, for the complaint stated no cause of action of any kind.    See cases above cited.

The judgment of the court below is affirmed.