## MISKIMMONS v. MOORE.

Pleading—Separate Statement of Causes of Action—Dismissal on Failure to Comply with Order for Separate Statement.

1. A petition that alleges that the defendant, maliciously intending to injure the plaintiff, and without probable cause, charged him before a Justice of the Peace with having feloniously compounded a felony, and procured a warrant for plaintiff's arrest, whereupon plaintiff was arrested and held in custody two hours, and afterward gave bail for his future appearance, the hearing being postponed; and that later the defendant

procured plaintiff's discharge, and the proceedings terminated. And the petition further alleging that when the said charge was made against him certain criminal proceedings were pending against other parties for obtaining money under false pretenses, to establish which plaintiff's testimony was necessary; and on the hearing thereof, after plaintiff's arrest as aforesaid, he declined to answer certain questions as a witness on the ground that to do so might criminate him; in consequence whereof he was adjudged in contempt of court, and committed to jail, and was discharged only after applying for the same on habeas corpus in the Supreme Court. And the petition alleging that by reason of the premises he was injured in his person and business and was obliged to pay out certain sums to obtain his discharge. *Held,* that the petition contained two causes of action, and that it was not error for the court to require them to be separately stated and numbered.

2.  It is not a sufficient answer to a motion for separate statement and numbering that one or more of the causes embraced in the petition are not well or perfectly pleaded.

3.  It is not error to dismiss a cause for failure to comply with an order of the court requiring the several causes of action embraced in the petition to be separately stated and numbered.

[Decided August 16, 1901.]

ERROR to the District Court, Laramie County, HON. RICHARD H. SCOTT, Judge.

John Miskimmons commenced the action against H. Waldo Moore, complaining that, without probable cause, and maliciously, the defendant had charged the plaintiff before a Justice of the Peace with the crime of compounding a felony, and that he was, in consequence thereof, arrested, and subsequently committed for contempt of court for declining to answer certain questions in a criminal hearing wherein other parties were complained of for obtaining money under false pretenses; and it was sought to recover damages. The District Court ordered that the plaintiff separately state and number the causes of action contained in the petition, finding that there was more than one cause of action alleged. The plaintiff failing to comply with the order, the case was dismissed by the court. Thereupon, the plaintiff brought error.

*W. R. Stoll,* for plaintiff in error.

The test whether a petition contains two causes of action or not is whether it can be separated into two distinct causes, each cause standing by itself being capable of supporting a judgment. It should be apparent that the petition contains two causes of action well pleaded, before holding it to state two causes. (5 Ency. Pl. & Pr., 335, 309-310, 318.) The motion to separately state lies only when there is more than one cause of action stated. (R. S., Sec. 3534; Whittaker's Ann. Code, pp. 98-99; 5 Ency. Pl. & Pr., 719-23.) The allegations in the latter part of the petition state only special facts entitling the plaintiff to special damages, which must be alleged to be recovered. (Chester v. Hill, 66 Cal., 480; Raynor v. Mintzer, 67 Cal., 159; Friend & Terry Lumber Co. v. Miller, id., 464; Handy v. Chatfield, 23 Wend., 35; Hale v. Steuart, 76 Mo., 20.)

*Moore & Wellnitz,* for defendant in error.

An action for false imprisonment and malicious prosecution cannot be joined in the same action. (Johnson v. Meaghr, 47 Pac., 861.) An imperfect statement of the different causes of action will not prevent the granting of an order requiring a separate statement and numbering. (Thompson v. Gatlin, 58 Fed., 536.) The fact that testifying would criminate the plaintiff did not depend upon his arrest on the charge alleged to have been made against him by defendant. The facts existed independent of such arrest, if they existed at all. It is clear that two causes of action are contained in the petition and the motion to separately state and number was proper. (Kearney Stone Works v. McPherson, 5 Wyo., 178.) A complaint for arrest and false imprisonment need not aver the acts complained of to have been done illegally or wrongfully or without authority. (39 Ind., 323; Going v. Dinwiddie, 86 Cal., 633; Painter v. Ives, 4 Neb., 122; Hildebrand v. McCrum, 101 Ind., 63.)

POTTER, CHEIF JUSTICE.

In this case, upon motion of the defendant, the District Court ordered the plaintiff, within a certain time designated

in the order, to separately state and number the causes of action set out in the petition; the court having determined that the petition contained more than one cause of action. Upon plaintiff's failure to comply with the order, the court dismissed the case without prejudice.  Plaintiff brings the case here, alleging error in the order requiring a separate statement and numbering, contending that the petition sets out but one cause of action; while the defendant maintains that it contains two causes of action, one for malicious prosecution and one for false imprisonment.

The petition alleges in substance that on the 31st day of May, 1899, the defendant in error, maliciously intending to injure the plaintiff, etc., and without any probable cause, charged the plaintiff, before a Justice of the Peace of Laramie County, with having feloniously compounded a felony, to-wit: The felony of obtaining money under false pretenses, charged to have been committed by one James Raff and one Clifford Lang; and procured said justice to grant a warrant for plaintiff's arrest upon said charge; that a warrant was issued accordingly, and thereupon plaintiff was arrested and held in the custody of the sheriff for two hours; that he demanded an immediate hearing, which was denied him by the justice, acting under the advice and suggestion of defendant, and a hearing was set for the 9th day of August, 1899; and thereupon, to obtain his liberty, plaintiff was obliged to give and did give bail for his appearance. It is then alleged that on the 3d day of August the defendant procured the discharge of plaintiff upon said charge of having compounded a felony, and the proceeding thereon had wholly terminated.

Then follows several other allegations, which may be briefly summarized as follows:  That when the charge aforesaid was preferred against plaintiff criminal complaints were pending before said justice against the said Raff and Lang for the crime of obtaining money under false pretenses, to establish which plaintiff's testimony was necessary; that on the 3d day of August the preliminary hearing on those com-

plaints occurred, and plaintiff, being called as a witness for the State, declined to answer any and all questions touching the matter of the offense charged against Raff and Lang, relying upon the constitutional immunity from giving testimony tending to convict one's self of a crime; and it is alleged that he relied upon that constitutional immunity, and so declined giving any testimony by reason of his having been charged with having compounded the felony charged against the parties whose hearing was in progress; that upon plaintiff's refusal to testify, the justice committed him to the jail of the county until such time as he should answer the questions propounded; that he sued out a writ of habeas corpus before the District Judge, which resulted in his being remanded to the custody of the sheriff; and subsequently sued out a writ of habeas corpus before the Supreme Court of the State, and was on the 18th day of September, 1899, released from custody by order of said court; that by means of the premises plaintiff was injured in his person and business in the sum of $1,500, was compelled to pay $800 as counsel fees in defending himself against the charge made against him, and in procuring his discharge from the custody of the sheriff, and $100 in costs and expenses incident to presenting his caes before the several courts; that in consequence of his arrest and detention many persons hearing of the same have refused to do business with him, supposing him to be a criminal, and he has been otherwise injured in his fame, credit and reputation, to his damage in the sum of $5,000. Judgment is prayed for the said sum of $5,000.

Counsel for plaintiff in error contends that but one cause of action is set out, viz.: malicious prosecution; and that the allegations concerning plaintiff's subsequent imprisonment for contempt, and the consequent damage to him are incorporated merely to show special damages growing out of the charge of compounding a felony, which, it is alleged, defendant maliciously preferred against him.

We cannot agree with that view. Whatever may have

been the intention of the pleader, it is clear that more than one cause of action is contained in the petition. The matter of the imprisonment for refusal to answer questions is entirely disconnected with the prosecution of plaintiff for the compounding of a felony. That prosecution had fully terminated, as the petition alleges, prior to plaintiff's later imprisonment. That imprisonment could not have been caused by the previous complaint against plaintiff, and his arrest, for the crime of compounding a felony. It cannot be true that plaintiff's refusal to answer questions was the result of that prosecution. A witness is not excused from answering merely because some criminal complaint may have been made against him, but his justification for a refusal to answer is that such answer will tend to criminate him.

If the defendant is liable in damages for the imprisonment of plaintiff for contempt upon his refusal to testify on the hearing of Raff and Lang, such liability is not in consequence of the complaint against plaintiff and his arrest on the charge of having compounded the felony.

It follows that the allegations respecting the later imprisonment and discharge of plaintiff have no place in the petition except as part of a separate cause of action. Counsel for plaintiff in error argues that from the paragraph of the petition introducing the matter of the hearing of Raff and Lang and the refusal of the plaintiff to testify, to the conclusion of the allegations respecting his imprisonment for such refusal and his subsequent discharge, a good cause of action is not well pleaded; and that it would require a restatement of some of the preceding allegations to make a good second cause of action. But it is not a sufficient answer to a motion for separate statement and numbering that one or more of the causes of action embraced in the petition are not well or perfectly pleaded. (Thompson v. Gatlin, 58 Fed., 534.) There is, moreover, this substantial error in counsel's argument: The allegations referred to as contained in the latter part of the petition do not in the present condition of the pleading stand alone. It is sought to recover damages from

the defendant on account of two entirely distinct and disconnected prosecutions or imprisonments, or perhaps one prosecution and one imprisonment. If they each constitute a ground for damages against defendant, each is a ground for a separate cause of action. As the petition stands, in determining whether a cause of action for either one is well stated, the pleader might rely upon any of the allegations of the entire petition. If it be conceded that to make a good cause of action for the later imprisonment of plaintiff some of the preceding allegations are necessary, it is to be observed that, until separately stated, such allegations are as much a part of one cause of action as of the other; and if counsel's assertion is correct, then the two causes of action are intermingled; and the object of a separate statement is to remedy that defect.

We think it clear that the petition embraces more than one cause of action, and the court did not err in ordering their separate statement, nor in dismissing the case for a failure to comply with the order. (Thompson v. Gatlin, supra; Eisenhouer v. Stein, 37 Kan., 281.)

The judgment will be *affirmed*.

Corn, J., and Knight, J., concur.