JAMES F. LOGHRY V. FILLMORE COUNTY ET AL.

FILED DECEMBER 6, 1905. No. 13,985.

Amended Petition Stricken. If, after leave is taken to file an amended petition, another petition containing no new allegations of fact and substantially the same as the former petition is filed, it is proper practice to strike it from the files.

ERROR to the district court for Fillmore county: GEORGE W. STUBBS and LESLIE G. HURD, JUDGES. *Affirmed.*

*Charles H. Sloan* and *F. B. Donisthorpe,* for plaintiff in error.

*John K. Waring* and *Smyth & Smith, contra.*

LETTON, C.

A petition was filed by the plaintiff in error in the district court for Fillmore county to quiet the title to a certain lot in the city of Geneva. To this petition an answer was filed containing, among other defenses, a demurrer to the petition. A general denial was filed as reply. Before a trial was had upon the issues, the demurrer contained in the answer was argued and sustained, plaintiff excepted to the ruling, and took leave to file an amended petition. The amended petition which was filed was identical with the former petition, except that the following sentence in the first petition: "That all the negotiations, agreements and contracts herein referred to and contained were oral, except where alleged to be in writing and copies thereof herein set forth," was changed in the amended petition so as to read as follows: "That all the negotiations, agreements and contracts herein referred to and contained were in form, substance and solemnity good and sufficient for the purpose for which each of them was intended under and by virtue of the statutes of the state of Nebraska, and that copies of certain of said contracts and agreements are hereby attached, properly marked and referred to." The effect of the only change made was to eliminate the statement that the negotiations and agreements were oral, except where alleged to be in writing, but it sufficiently appears from the remainder of the petition that no other written agreements are relied upon than those set forth in the original petition. The allegation that the agreements were sufficient in law is a mere conclusion, and of no force as an amendment. A comparison of both petitions shows that there is no further allegation of fact in the amended petition than there was in the original. A motion to strike the amended petition from the files was sustained by the court, and exception taken. No further petition being filed by plaintiff, a motion to dismiss the case for want of prosecution was sustained and judgment of dismissal rendered, from which proceedings the plaintiff prosecutes error to this court.

The only point argued in the brief of plaintiff in error is that the procedure was irregular and unwarranted; and that, if the allegations appearing in the amended petition not appearing in original petition were too general, a motion to make more definite and certain was the proper procedure, or a general demurrer directed to the petition. We think this argument is unsound. If, after leave is taken to file an amended petition, another petition containing no new allegations of fact and substantially the same as the former petition is filed, it is proper practice to strike it from the files.

The writer of the brief states that two important exhibits attached to the second petition were absent from the original one. It is probable that the transcript, as it stood when the brief was written, led him to make this statement, but upon a diminution of the record being suggested and correction made, it appears that these exhibits were attached as well to the original petition as to the amended one. The action of the district court in striking the amended petition from the files was fully warranted, and the motion to dismiss was properly sustained.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM C. C., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.