PRITCHETT et al. v. SULLIVAN.

(Circuit Court of Appeals, Eighth Circuit. October 10, 1910.)

No. 3,290.

1. ARREST (§ 63*)—AUTHORITY TO ARREST WITHOUT WARRANT—PEACE OFFICERS.
  Under the rule of the common law, in force in states where not changed by statute, public officers specially charged with the enforcement of the laws and the preservation of the peace may lawfully arrest without a warrant and without view of the crime, when they have reasonable ground for believing that a felony has been committed.
  [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 145–156; Dec. Dig. § 63.*]

2. APPEAL AND ERROR (§ 273*)—EXCEPTIONS TO INSTRUCTIONS—SUFFICIENCY.
  Where an instruction states a specific proposition of law on a particular subject obviously with deliberation and not inadvertently, a general exception to the charge on that subject is sufficient to challenge the correctness of such proposition.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–1621; Dec. Dig. § 273.*]

3. FALSE IMPRISONMENT (§ 20*)—ACTIONS—ISSUES AND PROOF.
  In an action for false imprisonment, where plaintiff alleges want of probable cause for the arrest, a general denial puts the allegation in issue and authorizes defendant to show the existence of such cause.
  [Ed. Note.—For other cases, see False Imprisonment; Cent. Dig. § 97; Dec. Dig. § 20.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Samuel Sullivan against E. J. Pritchett, H. W. Folck, Jr., and H. C. Church. Judgment for plaintiff, and defendants bring error. Reversed.

Fred S. Jackson (W. W. Pease, on the brief), for plaintiffs in error.
J. V. Humphrey (W. S. Roark, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. Samuel Sullivan sued E. J. Pritchett, H. W. Folck, Jr., and H. C. Church for false imprisonment and malicious prosecution. There was a verdict and judgment for the plaintiff, and the defendants prosecuted this writ of error.

The plaintiff averred in his petition that Pritchett, who was city marshal of Junction City, Kan., and Folck and Church, policemen, unlawfully arrested and confined him without a warrant or other legal process and without any complaint or affidavit having been filed in court or before a magistrate charging him with an offense against the laws of the state; that when arrested he was informed he was under suspicion of being a crook and of having stolen a diamond ring then in his possession; but that he had committed no offense either in the presence or absence of the officers, and no felony had been committed of which there was probable cause for believing him guilty. This stated a case of false imprisonment. There was also set forth in the same count with much detail a cause of action for malicious prosecution. The answer contained a general denial and an averment that the arrest and imprisonment of the plaintiff was lawful.

It appeared at the trial that when the officers arrested the plaintiff he had committed no offense in their presence and they had no warrant for his arrest. They acted on suspicion that he had stolen, or had in his possession knowing it to have been stolen, jewelry of sufficient value to make the offense, had there been one, a felony under the laws of the state of Kansas. Gen. St. Kan. 1901, §§ 2069, 2070, 2085, 5444. Testimony was given on behalf of the officers as to the circumstances upon which they acted; but the jury were not directed to determine its verity, nor was its bearing upon the right to arrest without a warrant—whether the testimony, if true, showed reasonable ground for their belief that a felony had been committed—considered or passed on by the trial court. The view of the court was that public peace officers can in no case and under no circumstances make an arrest without a warrant unless they actually witness the commission of the offense. This is manifest from the following instruction given the jury:

"There are certain cases in which a police officer may arrest the citizen without any warrant. That is what is called an arrest on view; that is to say, when the officer sees a person doing some act that violates the law. No police officer or other officer has any right to arrest any citizen for anything unless he sees him violate the law, unless on a warrant. And no one, no citizen, has the right to allow, or should allow, any officer to arrest him unless he has violated the law, and the officer knows that, either from a warrant he has in his hand, or seeing him do it, and no officer who has a proper regard for his

duty will do it. On the other hand, if a police officer sees any one commit a violation of the law, either of the state or of the city, he may then arrest him; or, if any citizen be charged with the violation of a law of the state or of the city, and the police officer has not seen him do it, but some one swears that he has done the act, on that oath there may be a warrant based, and the officer may lawfully arrest such person on the warrant."

That this was not a mere inadvertence corrected by other instructions, but was the deliberate opinion of the court emphasized and impressed on the jury, appears from the following excerpts from the charge:

"The plaintiff had a constitutional right to have his person inviolate from search unless some one had seen him violate the law, or unless some one had made a positive oath that he had violated it and the officer had a warrant for his arrest. I say to you, in my judgment, as a matter of law, the arrest was not proper. The search was not proper because it is not claimed here that they had seen this plaintiff violate any law nor had they a warrant for his arrest.

"If you believe from the greater weight of all the credible testimony in the case that the city marshal instructed these policemen to arrest the plaintiff in this case and bring him to the police station, and that they did so do, and that they there searched him, and that he was put in jail there, that they had not seen him commit any offense, had no warrant upon which he was arrested, and he had committed no offense, then, in that event, it will be your duty to find against the marshal and the policemen, defendants.

"As I have said to you, if you believe the defendants, the two policemen, under the instructions of the city marshal, arrested this man at the time they found him at that store, that is, if they placed him under arrest and took him to the police station, if they had no warrant or had not seen him violate the law—and there is no pretense, so far as I recall, that they had a warrant or saw him do any act which violated the law—and there searched him and threw him in jail, then the plaintiff will be entitled to recover.

"The individual, when he commits an offense against the law, then becomes amenable to arrest in a certain lawful manner; but police officers, no more than any one else, have any right to arrest unless the law has been violated in their presence, or they have a warrant. If the law has been violated in their presence—and you believe in this case this plaintiff has violated any law in their presence—any law of the city or of the state, then they would have the right to arrest him; but, unless he had, they would not be allowed to arrest him except upon a warrant which was properly procured from some officer who would be allowed to issue it."

The charge of the court was erroneous. In the necessary adjustment in civilized society between individual right and liberty on the one hand and public right to protection on the other, it was early established in England that public officers specially charged with the enforcement of the laws and the preservation of the peace might lawfully arrest without a warrant and without view when they had reasonable grounds for believing a felony had been committed; and, except where changed by statute, such is the law of this country. A contrary rule would seriously obstruct, and in many cases defeat, the administration of justice, especially where, as here, a multitude of territorial lines limit jurisdiction and confine the running of legal process. The scene of the crime and the eyewitnesses behind him, a leisurely movement of the criminal ahead of the deliberate procedure of the courts, would insure long immunity.

In Ledwith v. Catchpole, Cald. Cas. 291, 295, Lord Mansfield, re-

ferring to descriptive circulars and advertisements of crimes committed, said:

"It would be a terrible thing, if under probable cause an arrest could not be made. * * * Many an innocent man has and may be taken up upon such suspicion; but the mischief and inconvenience to the public in this point of view is comparatively nothing. It is of great consequence to the police of the country."

In Lawrence v. Hedger, 3 Taunt. 14, it was held that at common law watchmen and beadles might act on reasonable ground to suspect a felony, though there was no proof that one had been committed. Heath, J., observed:

"It would be extremely mischievous if it were not so. At every Old Bailey sessions numbers of persons are convicted in consequence of their being stopped by watchmen while they are carrying bundles in this way."

See, also, Samuel v. Payne, 1 Doug. 359; Davis v. Russell, 5 Bing. 354.

In Beckwith v. Philby, 6 Barn. & Cres. 635, a case much like that at bar, Lord Tenterden said:

"There is this distinction between a private individual and a constable: In order to justify the former in causing the imprisonment of a person, he must not only make out a reasonable ground of suspicion, but he must prove that a felony has actually been committed; whereas, a constable, having reasonable ground to suspect that a felony has been committed, is authorized to detain the party suspected until inquiry can be made by the proper authorities."

In Kurtz v. Moffitt, 115 U. S. 487, 504, 6 Sup. Ct. 148, 29 L. Ed. 458, it was said that the rule of the common law as to the right of arrest without a warrant in cases of felony was generally adopted by the courts of the several states. It is recognized in Rohan v. Sawin, 5 Cush. (Mass.) 281; Burns v. Erben, 40 N. Y. 463; Wakely v. Hart, 6 Bin. (Pa.) 316; Reuck v. McGregor, 32 N. J. Law, 70, 74; Johnson v. State, 30 Ga. 426; Eanes v. State, 25 Tenn. 53, 44 Am. Dec. 289; Taaffe v. Slevin, 11 Mo. App. 507, 513; Muscoe v. Commonwealth, 86 Va. 443, 10 S. E. 534; Kirk v. Garrett, 84 Md. 383, 35 Atl. 1089. It is the law of Kansas where this case arose. A., T. & S. F. Ry. Co. v. Woodson, 79 Kan. 567, 100 Pac. 633. In Rohan v. Sawin, supra, the Supreme Judicial Court of Massachusetts held the rule did not contravene the provisions of the state and national Constitutions against unreasonable searches and arrests. And also the Supreme Court of Pennsylvania, in Wakely v. Hart, supra, which added:

"But it is nowhere said that there shall be no arrest without warrant. To have said so would have endangered the safety of society."

It is contended that no sufficient exception was taken to the charge. At the conclusion of the charge, counsel said:

"Defendants except to all that part of the instruction concerning the right of police officers to arrest without a warrant."

The court said:

"Do you contend that I have transgressed the law in that respect?"

And counsel replied:

"Didn't give the law as I understand it."

We think the exception sufficient. The court had repeatedly declared that there could be no lawful arrest without a warrant except upon view of the commission of the offense. The exception was directed to that particular part of the charge, and it was as definite and precise as if counsel had excerpted the exact language of the court and appended an exception to it. The inquiry made of counsel did not call for his view of the law further than already indicated, nor an explanation of the reasons for his exception. Perhaps counsel should have been more explicit if the court had acted inadvertently or its language had been unhappily chosen to express a correct view of the law. Mr. Justice Miller said, in Railroad Co. v. Reeves, 10 Wall. 176, 189 (19 L. Ed. 909):

"As to the charge given by the court, the language of the exception is more general than we could desire. And if the errors of this charge were less apparent, or if there was any reason to suppose they were inadvertent, and might have been corrected if specified by counsel at the time, we would have some difficulty in holding the exception to it sufficient. But the whole charge proceeds upon a theory of the law of common carriers, as it regards the effect of loss from the act of God, on the contract, so different from our views of the law on that subject that it needs no special effort to draw attention to it, and it is so clearly and frankly stated as to have made it the turning point of the case." Edgington v. United States, 164 U. S. 361, 364–365, 17 Sup. Ct. 72, 41 L. Ed. 467; Felton v. Newport, 34 C. C. A. 470, 473, 92 Fed. 470.

It was averred in the petition that the officers had no warrant, that no offense had been committed in their presence, and that "no felony, nor other crime, had been committed, which there was probable cause for believing plaintiff had committed, nor which plaintiff was charged with having committed." As already observed, there was a general denial in the answer. In an action for false imprisonment, when the plaintiff alleges want of probable cause for the arrest, the defendant may show under the general issue the existence of such cause. Russell v. Shuster, 8 Watts. & S. (Pa.) 308, per Gibson, C. J.; Davis v. Russell, 5 Bing. 354, 362. An averment of want of probable cause in a petition for malicious prosecution is indispensable (Thompson v. Gatlin, 7 C. C. A. 351, 58 Fed. 534; and see Stainer v. Mining Company, 92 C. C. A. 128, 166 Fed. 220), and it is put in issue by a general denial (Wheeler v. Nesbitt, 24 How. [U. S.] 544, 16 L. Ed. 765). The court in its charge said the defense of defendants was "that they were simply acting as police officers of the city of Junction City in the lawful discharge of their duties." There can be no reasonable question that the lawfulness of the arrest in all of its aspects was in issue, and the charge of the court shows its view of the law to have been that if there was no warrant, and the officers did not see an offense committed, the arrest was unlawful without reference to grounds for suspicion or belief. The two causes of action, false imprisonment and malicious prosecution, were in the same count, and there was a single verdict. The misdirection of law as to a vital issue affecting the first requires a reversal of the judgment.

The judgment is reversed, and the cause is remanded for a new trial.