LEHFELDT CO., APPELLANT, *v.* JUSTICE, RESPONDENT.

(No. 4,096.)

(Submitted January 14, 1920.   Decided February 9, 1920.)

[187 Pac. 912.]

*Pleading and Practice — Complaint — Commingling Causes of Action—Order to Separately State and Number—Failure to Comply—Dismissal Proper.*

1.   Where plaintiff, who had been ordered to separately state and number his causes of action alleged by defendant to have been commingled in the complaint, availed himself of the time granted for that purpose and secured additional time to file, and did file, an amended complaint, which, however, did not comply with the order, the latter pleading was properly stricken from the files.

*Appeal from District Court, Phillips County; John Hurly, Judge.*

ACTION by the Lehfeldt Company against J. R. Justice.   Judgment for defendant and plaintiff appeals.   Affirmed.

*Mr. R. E. O'Keefe* submitted a brief in behalf of Appellant.

*Mr. D. J. Sias, Jr.,* and *Messrs. Norris & Hurd,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

When the court makes an order requiring a pleading of a specified character to be filed, and a pleading is filed which does not conform to the order, such pleading may be stricken from the files.   (*O'Conner* v. *Chicago etc. Ry. Co.,* 75 Iowa, 617, 34 N. W. 795; *Craig* v. *James,* 80 App. Div. 16, 80 N. Y. Supp. 235; *Long* v. *Hunter,* 48 S. C. 179, 26 S. E. 228; *Fuller* v. *Claflin,* 93 U. S. 14, 23 L. Ed. 785 [see, also, Rose's U. S. Notes].)

It is also a theory of law that when an amended pleading is substantially a repetition of a former pleading, it may be stricken from the files.   (*Robinson* v. *Erickson,* 25 Iowa, 85; *Independent Order of Odd Fellows* v. *Troutman,* 73 Kan. 35, 84 Pac. 567;

*Loghry* v. *Fillmore County,* 75 Neb. 158, 106 N. W. 170; *Bush* v. *McMann,* 12 Colo. App. 504, 55 Pac. 956; *Emigrant etc. Bank* v. *Goldman,* 75 N. Y. 127, 128; *Sun Printing etc. Assn.* v. *Abbey etc. Co.,* 62 App. Div. 54, 70 N. Y. Supp. 871; *Austin* v. *Wauful,* 59 Hun, 620, 13 N. Y. Supp. 184.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover upon an assigned claim for work and labor performed, materials furnished and money advanced by Henry Robinson at the special instance and request of defendant and for his use and benefit. Defendant moved the court to require plaintiff to separately state and number the three causes of action alleged to be commingled in the complaint. The motion was sustained and plaintiff granted twenty days within which to comply with the order. Thereafter additional time was secured, and on July 3 a second complaint was filed, which, however, did not differ in any material respects from the first, and did not comply with the order. On motion of defendant, this second complaint was stricken from the files and the action dismissed. From the judgment of dismissal, plaintiff appealed.

When the order to separate was made, plaintiff had the choice [1] of standing on his original complaint and testing the validity of the order, or complying with the order. Apparently, the latter alternative was chosen, for plaintiff not only availed himself of the time granted for compliance, but secured additional time "to file an amended complaint." Having thus made its election, the duty to comply with the order was imposed upon plaintiff, and, to an equal extent, the duty was imposed upon the court to enforce compliance or violate its own order. The court refused to stultify itself and dismissed the action, and in doing so was clearly correct. (*O'Conner* v. *Chicago, R. I. & P. Ry. Co.,* 75 Iowa, 617, 34 N. W. 795; *Eisenhouer* v. *Stein,* 37 Kan. 281, 15 Pac. 167; *Miskimmons* v. *Moore,* 10 Wyo. 41, 65 Pac.

1000; *Loghry* v. *Fillmore County,* 75 Neb. 158, 106 N. W. 170; 31 Cyc. 649.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MATTHEWS concur.

MR. JUSTICE HURLY, being disqualified, and MR. JUSTICE COOPER, being absent, take no part in the foregoing decision.

