## DENTON v. WALKER et al.

No. 14134—Opinion Filed July 10, 1923.

(Syllabus.)

1. **Judgment—Vacation for Mistake or Irregularity—Time for Motion.**

A motion to vacate a judgment under subdivision 3, sec. 810, Comp. Stat. 1921, may be filed three years after judgment was rendered.

2. **Dismissal — Grounds — Disobedience of Court Order.**

A case may be dismissed under subdivision 5, sec. 664, Comp. Stat. 1921, upon motion of a party or by the court upon its own motion.

3. **Same—Dismissal on Court's Own Motion —Requisites.**

Where the case is dismissed by the court upon its own motion, the order of the court should state the grounds upon which it acts; but a failure to state the grounds does not render the order void.

4. **Same—Notice of Motion to Dismiss.**

In the absence of a statute or rule of court prescribing notice to be given on motion to dismiss, proof of delivery of copy of motion to the attorney for plaintiff is sufficient.

5. **Appeal and Error—Discretionary Rulings—Vacation of Judgment.**

A motion to vacate a judgment under subdivision 3, sec. 810. Comp. Stat. 1921, is addressed to the sound discretion of the trial court, and will not be disturbed on appeal unless there has been an abuse of that discretion.

Error from District Court, Muskogee County; Guy. F. Nelson, Judge.

Action by W. T. Denton against George H. Walker and others. From order overruling motion of plaintiff to vacate order of dismissal, he brings error. Affirmed.

Biddison & Ladner, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendants in error.

COCHRAN, J. This is an appeal from an order of the superior court of Muskogee county, entered September 1, 1922, overruling motion of plaintiff in error to vacate an order of dismissal. The plaintiff in error had filed a petition in the superior court on April 5, 1920, and a motion was filed on April 30, 1920, by defendants in that case to make the petition more definite and certain. This motion was sustained by the court on May 15, 1920, and the time allowed for complying with the order expired on May 25, 1920. No further action was taken in the case until the 11th day of December, 1920, when defendants filed a motion to dismiss the case for want of prosecution. This motion alleged that a demurrer had been sustained to the original petition for more that three months, and that no amended petition had been filed in said case. On January 15, 1921, the following order was entered by Judge Nelson:

"Now on this 15th day of January, 1921, coming on to be heard in open court in its regular order, the above entitled cause upon the motion of the defendants to dismiss said cause, and the court being advised in the premises finds that the motion should be granted. It is therefore considered, ordered, adjudged, and decreed by the court that said cause be, and the same is hereby dismissed at plaintiff's costs."

On August 21, 1922, the plaintiff filed a motion to vacate the order of dismissal on the ground that the judgment was obtained by irregularity, mistake, and misrepresentation, (1) because it was rendered on a motion which recited that a demurrer had been sustained to the original petition more than three months before, which allegation was not true; (2) that the judgment was not obtained in conformity with the rules of the court regulating the procedure, notice, and hearing of motions, demurrers, and dismissal of actions; and (3) that the plaintiff had no knowledge of the motion and relied upon his attorneys, Disney & Wheeler, and that immediately upon his knowledge of the dismissal he employed Archibald Bond to vacate and set aside the judgment, and assumed that the said attorney had taken the necessary steps in connection therewith, and did not discover until July 22, 1922, that no proceeding had been taken to vacate the order of dismissal.

The defendants in error contend that the motion to vacate was properly overruled because the same was filed after the term at which judgment was rendered. Under section 817, Comp. Stat. 1921, a motion to vacate judgment under subdivision 3, section 810, Comp. Stat. 1921, may be filed within three years after judgment was rendered. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433; George v. Kinard, 84 Okla. 95, 202 Pac. 503; Collins v. McDowell, 85 Okla. 21, 204 Pac. 276.

As to the contention of the plaintiff in error that the judgment should be vacated because the same was entered upon a motion stating grounds which did not in fact exist, we are of the opinion that there was no abuse of the discretion of the trial court in refusing to vacate the judgment for this reason, Judge Nelson, who entered the order of dismissal, also heard the motion to vacate judgment and was in position to know whether the misstatement contained in the motion to dismiss misled and deceived the court and induced the entry of the order. According to the undisputed facts, the plaintiff had failed to comply with the order of the court requiring the petition to be made more definite and certain for a period of nearly eight months, during which time no action had been taken in the case whatever. This was sufficient ground for dismissal of the case under subdivision 5, section 664, Comp. Stat. 1921, and such order could be made upon the motion of a party to the suit or by the court upon its motion. The court, therefore, did not exceed its jurisdiction in entering the order. Plaintiff in error concedes the authority of the court to enter its dismissal of its own motion, but contends that in doing so the order of dismissal should recite the grounds for dismissal and relies upon the case of Loose v. Cooper (Iowa) 118 N. W. 406, a portion of the syllabus of which is as follows:

"Where a court dismisses an action of its own motion it should state the ground on which it acts."

But in the opinion, the court states:

"When a court acts in such a case upon its own motion, it is highly desirable that it should state the ground upon which it acts. The failure to do so gives an appearance of arbitrary action and is a practice not to be commended. Nevertheless, we are required to indulge in a presumption in favor of the ruling of the trial court. We are not justified in reversing it unless from an examination of the whole record we fail to find any ground to support it. It is quite apparent upon the face of this record that the court would have been justified in dismissing this case for want of prosecution. The power is inherent in the court, quite independent of the statute."

Plaintiff next complains of the irregularity in entering judgment on the ground that

no notice of the filing of the motion was given. The rules of the trial court relative to service of notice of filing of motions, and hearing thereon, are not incorporated in the record. The testimony shows that a copy of this motion was delivered to the attorneys for the plaintiff at the time it was filed, and one of the attorneys for the plaintiff stated to the attorney for the defendants that he did not intend to prosecute or proceed with the action further, and the attorney for the defendants told him that he would prepare a motion to dismiss the case, and did afterwards prepare the same until the time had expired within attorney for the plaintiff, and filed the original in the office of the court clerk. In the absence of a requirement of the statute, or rules of the court requiring different notice, it is our opinion that the notice given was sufficient .

It is next contended that judgment was obtained irregularly because of the failure of the first attorney employed by the plaintiff to properly and diligently look after the case and in permitting the judgment to be entered dismissing the case without advising the plaintiff of the pendency of the motion and without advising him of the judgment entered in the case, and also because of the failure of the second attorney employed by him to file a motion to vacate judgment and to take any steps toward vacating the same until the time had expired within which the plaintiff could refile his case, and that by reason thereof his suit is now barred by statute of limitations, and unless the judgment is vacated, he has no remedy. It is not necessary to enter into a discussion of the question as to whether the actions complained of would constitute grounds for vacating judgment, under subdivision 3, section 810, Comp. Stat. 1921. This court has held that a motion to vacate a judgment under the above statute is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of this discretion. Cowokochee v. Chapman, 76 Okla. 1, 183 Pac. 611: Olentine v. Alberty, 82 Okla. 9, 198 Pac. 200. It does not appear that there was an abuse of discretion on the part of the trial court in refusing to vacate the judgment in this case.

Judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, nad MASON, JJ., concur.