### B-R ELECTRIC & TELEPHONE MFG. CO. v. TOWN OF WEWOKA.

No. 10715—Opinion Filed March 24, 1925.

Rehearing Denied Nov. 10, 1925.

**1. Appeal and Error—Appealable Orders —Order Vacating Judgment and Granting New Trial.**

An order of the district court vacating and setting aside a judgment and granting the party a new trial, as provided in section 810, Comp. St. 1921, is an "order granting a new trial," within the meaning of section 780, Comp. St. 1921, and is an appealable order reviewable by this court.

**2. Judgment—Vacation—Time for Motion.**

If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within three years following the rendition of the judgment or order as provided for in section 817, Comp. St. 1921.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by B-R Electric & Telephone Manufacturing Company against the Town of Wewoka. From order setting aside judgment for plaintiff, plaintiff brings error. Reversed and remanded.

Gossett, Ellis, Dietrick & Tyler, John W. Willmott, and R. J. Roberts, for plaintiff in error.

C. Dale Wolfe and S. A. Horton, for defendant in error.

PHELPS, J. For convenience the parties hereto will be referred to as they appeared in the court below.

On May 30, 1912, the B-R Electric & Telephone Manufacturing Company, plaintiff below, filed an action in the district court of Seminole county against the town of Wewoka for the sum of $6,493.29, alleged to be due for certain supplies, goods, and materials which plaintiff furnished defendant in the maintenance and operation of its electric plant in the town of Wewoka. No summons was issued, but an entry of appearance was made by defendant by the three elected trustees of the defendant. A formal waiver of the issuance and service of summons was incorporated in the answer filed by the attorney for the defendant, and on October 22, 1912, judgment was rendered in favor of plaintiff for the amount sued for. A tax levy was made to pay the judgment and one-third thereof was paid, and money collected by tax levy and warrant issued to pay the second third, but before payment thereon was made and on December 4, 1916, defendant filed its motion to vacate said judgment upon the grounds that the original contract to furnish materials and supplies was ultra vires and void; that no lawful appearance was made by defendant in the action, and that said judgment was obtained by collusion and was therefore void. Notice was servied on the attorney for plaintiff, an answer was filed to said motion, a hearing had, and on January 7, 1919, the court rendered its judgment sustaining the motion and vacated and set aside the judgment, from which ruling the plaintiff prosecutes its appeal to this court.

Exhaustive briefs have been filed covering the several questions involved in the appeal, the major portion of which briefs deal with the question as to whether or not the order of the lower court setting aside its judgment is an appealable order. That question is disposed of in the case of Pennsylvania Co. v. Potter, 108 Okla. 49, 233 Pac. 700, in an opinion rendered by this court on January 30, 1923, and which opinion recently became final, the fourth and fifth paragraphs of the syllabus of which read as follows:

"An order of the district court vacating and setting aside a judgment and granting the party a new trial, as provided in sec-

tion 5267, is an order granting a new trial within the meaning of section 5236, R. L. 1910, and is an appealable order reviewable by this court."

"The former decisions of this court referred to in the opinion. wherein they announced the rule that an order vacating a judgment for a new trial is not appealable, are overruled."

Therefore, whatever the decision of this court may have heretofore been on that question, it is now well settled in this state that an order setting aside a former judgment of the district court and granting a new trial after the expiration of the term of the court at which the judgment was rendered is an appealable order, and further citation of authorities is unnecessary.

Plaintiff contends that the motion to vacate the judgment should have been overruled for the reason that the same was not filed within the time provided by statute. Section 810, Comp. St. 1921, provides that:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

"First. By granting a new trial for the cause, within the time and in the manner prescribed in section 574.

"Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 256.

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth. For fraud, practiced by the successful party. in obtaining the judgment or order.

"Fifth. For erroneous proceedings against an infant, or a person of unsound mind. * * *

"Sixth. For the death of one of the parties before the judgment in the action.

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

"Eighth. For errors in the judgment shown by an infant in twelve months after arriving at full age. * * *

"Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned, or otherwise legally notified of the time and place of taking such judgment."

Section 811, Comp. St. 1921, provides that:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by

motion, upon reasonable notice to the adverse party or his attorney in the action. * * *"

Section 812. Comp. St. 1921, provides that:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight, and nine of the second preceding section shall be by petition verified by affidavit. * * * On such petition, a summons shall issue and be served as in the commencement of an action."

Section 817, Comp. St. 1921, provides that:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in subdivisions four, five and seven of section 810, must be commenced within two years after the judgment was rendered, or order made. * * * Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year, after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Therefore, since section 812, Comp. St. 1921, provides that the proceeding to vacate or modify upon the grounds mentioned in subdivisions four, five, six, seven, eight, and nine must be by petition, upon which a summons is issued and served as in the commencement of an action, and since that procedure was not followed in this case, it necessarily follows that the proceedings were prosecuted under either subdivision one, two, or three, and as subdivisions one and two are not applicable in this case, it necessarily follows that this proceeding was prosecuted under subdivision three to wit:

"For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

And, since section 817, Comp. St. 1921, provides that proceedings under subdivision three shall be commenced within three years, it will be seen that this proceeding was not commenced within the time provided by statute, as it was more than four years after the judgment was rendered before this proceeding was instituted. Defendant, however, contends that the judgment in question is void and therefore may be vacated at any time on motion as provided in the last paragraph of section 817. The remaining question, therefore, before us to determine from the record in this case is:  Was the judgment void upon its face?

On June 6. 1912, the defendant filed the following "entry of appearance:"

"Comes now the town of Wewoka, a regularly organized and incorporated town in Seminole county, Oklahoma, defendant in the above entitled cause, appearing by Frank W. H. Butler, A. M. Fowler, and T. F. Harrison, the duly elected, qualified, and acting trustees of said defendant town, and hereby waive the issuance and service of summons in the above matter and enters its appearance therein, and admits that the various claims as set out in plaintiff's petition in the above case are, and do, each and every one, represent a valid, legal, and existing indebtedness against said defendant and in favor of said plaintiff. And said defendant, by and through its board of trustees as above set out, does hereby consent that judgment may be taken against it and in favor of said plaintiff as follows, to wit: (Then follows 22 different items aggregating $6,493.29.)

"(Signed) The Town of Wewoka,

"By Thomas F. Harrison, Trustee,

"A. M. Fowler, Trustee,

"Frank W. H. Butler, Trustee.

"Attest:

"H. J. Shans, Clerk.

"State of Oklahoma, Seminole County, ss.

"Frank W. H. Butler, of lawful age, being first duly sworn, states that he is a duly elected, qualified and acting trustee at this time of the town of Wewoka, Seminole county, Oklahoma, the defendant in the above entitled cause; that he has read the allegations in the above and foregoing appearance and confession of judgment and that they are true and correct.

"(Signed) Frank W. H. Butler, Trustee.

"Subscribed and sworn to before me this 6th day of June, A. D. 1912.

"(Seal)    C. Dale Wolfe,

"Notary Public.

"My Commission Expires June 8, 1912."

(Similar affidavits are made by each of the other two trustees.)

On June 12, 1912, the board of trustees of the town of Wewoka, by unanimous vote, passed the following resolution:

"Be it resolved that the president of the board of trustees and the town clerk of the incorporated town of Wewoka, Oklahoma, be, and the same are hereby, authorized and empowered for and on behalf of the incorporated town of Wewoka, to waive the issuance of summons, to enter the appearance of the said town, to waive the time in which to plead to the petition and for and on behalf of the said town, to admit the indebtedness set out and confess and consent to judgment as prayed in the petition in the action now pending in the district court of Seminole county, in which the B-R Electric & Telephone Manufacturing Company, plaintiff, and the incorporated town of Wewoka is defendant, such action to be binding and conclusive

against the said incorporated town of Wewoka."

The following waiver of summons and answer was also filed:

"Waiver of Summons and Answer.

"Comes now the defendants in the above entitled cause and waives summons and agrees that the case be heard on this the 22nd day of October, 1912, and agrees that it received all of the things mentioned in the plaintiff's petition and agrees that judgment may be taken against said defendant for the principal amount sued on.

"(Signed)  Crump, Fowler  &  Skinner,

"Attorneys for Defendant."

It was upon this entry of appearance on the part of the defendant that this judgment was rendered, and a careful examination of the record leads us to the conclusion that the judgment was not void upon it face, and if it is not void upon its face, then the trial court should have overruled the motion to vacate the judgment, for the reason that the proceedings were not instituted within the time provided by statute.

In Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, this court in a very exhaustive opinion considered this question, from which we quote the following statement:

"Relief based on evidence de hors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, R. L. 1910 (which is section 810, Comp. St. 1921), empowering the court to vacate or modify its own judgments or orders at, or after the term at which said judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' Such motion, under section 5274, R. L. 1910, must be presented within three years after the rendition of the judgment or order." (Citing numerous authorities.) "If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within the three years following the rendition of the judgment or order, otherwise every judgment, valid upon the face of the record, will depend for its perpetuity upon the frail memory of man. We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. These cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, correctly holding that a 'judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appear on the r ecord; it is voidable merely'."

The rule laid down in this case has been followed by this court in George v. Kinard, 84 Okla. 95, 202 Pac. 503; Good v. First National Bank, 88 Okla. 110, 211 Pac. 1051; and Denton v. Walker, 90 Okla. 222, 217 Pac. 386.

Therefore, we conclude that the judgment in question was not void upon its face, and under the rule laid down in Pettis v. Johnston, supra, proceedings to vacate must be commenced within three years. We might, in passing, make the observation that a careful examination of the record fails to disclose any fraud or collusion in the procuring of the judgment as alleged in defendant's motion. The judgment of the district court is therefore reversed, and the cause remanded, with instructions to overrule the motion to vacate and reinstate the judgment.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See Under (1) 3 C. J. p. 521.   (2) 34 C. J. p. 258.