### SMITH v. MORRIS et al.

No. 24982.  Oct. 17, 1933.

Rehearing Denied Nov. 7, 1933.

Application for Leave to File Second Petition for Rehearing Denied Dec. 12, 1933.

Bryan Phillips, for plaintiff in error.

A. J. Morris and Sam L. Wilhite, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Caddo county, Okla., rendered and entered on April 17, 1933, from which no notice of appeal was given, as required by the provision of section 531, O. S. 1931, which provision is mandatory and which notice of appeal is necessary in order to give this court jurisdiction. Nichols v. Lonsdale, 109 Okla. 59, 234 P. 753.

On the motion to dismiss the appeal the plaintiff in error contends that he gave notice of appeal from a judgment rendered on February 28, 1933, and that the judgment rendered on April 17, 1933, was entered nunc pro tunc on a motion which was in law merely a remittitur of a part of the amount adjudged to be due by the judgment of February 28, 1933. The record does not support that contention. The record shows that the defendants in error filed a motion to vacate, set aside, and hold for naught the judgment rendered on February 28, 1933, and "that a new judgment be rendered herein as of that date, in the sum of $200, together with interest thereon from February 28, 1933, until paid, together with the costs of these two cases." The judgment of April 17, 1933, recites that that motion should be sustained and that:

"It is therefore by the court ordered, considered, adjudged and decreed that the judgment rendered herein on February 28, 1933, be vacated, set aside, and held for naught; it is further ordered, considered, adjudged, and decreed that in lieu of said judgment so vacated, the plaintiffs herein do have and recover of and from the defendant, W. L. Smith, the sum of $200, together with interest thereon at the rate of ten per cent. per annum from February 28, 1933, until paid, together with the costs. To which ruling and judgment of the court sustaining said motion and in rendering said judgment,

the defendant excepts and his exceptions are by the court allowed."

Since no notice of appeal from that judgment was given, this appeal must be, and is, dismissed.