## THOMAS v. RICHEY.

No. 26024.  March 5, 1935.

Rehearing Denied April 2, 1935.

L. D. Mitchell and John A. Maupin, for plaintiff in error.

A. K. Little, for defendant in error.

PER CURIAM. On the 15th day of November, 1933, the court entered its order confirming the sale of property involved in this action, said property having been sold to satisfy a judgment in foreclosure. Subsequent to the issuance of the order confirming the sale, sheriff's deed was issued and a writ of assistance was issued on the 25th day of November, 1933. On the 18th day of July, 1934, the defendant moved to vacate and set aside the judgment and order confirming sale.

On the 30th day of August, 1934, the court overruled the motion to vacate the judgment and order confirming sale. No notice of appeal was given at this time or within 10 days thereafter. In the case of Smith v. Morris, 166 Okla. 285, 27 P. (2d) 631, this court held:

"Section 531, O. S. 1931, is mandatory, and, among other things, provides that 'the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days there-

after, of his intentions to appeal to the Supreme Court,' and an attempted appeal not in conformity with the provisions of the statute will be dismissed."

After the filing of the appeal in this court, a restraining order of January 9, 1934, was issued and on the 11th day of January thereafter, continued pending the hearing on appeal. The restraining order and the continuance thereof is hereby dissolved and the appeal is dismissed.