## FISHENCORD et al. v. PETERSON et al.

No. 25322. Sept. 10, 1935.

Keagy & Williams, for plaintiffs in error.

Fred W. Martin and Malcolm E. Rosser, for defendants in error.

PER CURIAM. This action was commenced by the plaintiffs, Herman F. Fishencord and Blanch Fishencord, in the district court of Muskogee county, on the 16th day of February, 1933, against Carr Peterson and Cleat Peterson and the First National Bank of Haskell, defendants, and they will be referred to as such herein. The cause was finally heard on the second amended petition as amended under the direction of the trial court on the hearing of demurrers. The petition consists of three causes of action. It is very prolix, covering, with the amendments directed by the trial court, some 28 pages of the record. Owing to the conclusions at which we have arrived, it will be unnecessary to state the facts set out in the various causes of action in detail. All three defendants are made parties to each cause of action.

The first cause of action is professedly based on section 5099, C. O. S. 1921, being section 9520, Okla. Stats. 1931, and seeks judgment against the defendants Carr Peterson and Cleat Peterson "canceling, vacating and holding for naught and void" the notes and mortgage given by the plaintiffs to said Carr Peterson and Cleat Peterson on the 17th day of February, 1930, in the sum of $13,600, because of alleged usury. No relief is sought in this cause of action against the defendant First National Bank of Haskell.

The second cause of action is against all three defendants and is brought for the recovery of double the amount of usurious interest alleged to have been collected by the defendant First National Bank of Haskell on notes and mortgage owned by it during a series of years. Relief is asked only against the defendant bank. This cause of action is professedly based on section 5198, Revised Statutes of the United States, 12 USCA 86.

The third cause of action is against and asks judgment against each of the defendants and sets out many acts and trespasses allegedly committed by the defendants against the plaintiffs. It is difficult to determine the exact nature of this cause of action. Plaintiffs describe it on page 60 of their brief as follows:

"Plaintiffs' third cause of action (C.-M. 16-24) is for damages against the defendants for the wrongful and fraudulent taking by the defendants of plaintiffs' farm and for exemplary damages."

It may perhaps be treated as charging a conspiracy for the purpose of defrauding plaintiffs of their farm. This cause of action was amended under the direction of the trial court so as to state after the alleged wrongful acts of oppression set out in the petition that foreclosure proceedings were had in the district court of Wagoner county, Okla., on the land mentioned in the petition, a copy of such decree being attached to the petition, and that the defendant bank took under foreclosure sale under said decree, was purchaser of the property, and caused a writ of possession to issue under said decree, and the sheriff of Wagoner county dispossessed plaintiffs of said property at the instance of said defendant. These facts may tend to show that the farm was lawfully and not illegally acquired by the defendant bank.

Each of the defendants filed separate demurrers to each of the plaintiffs' causes of action, each on grounds that the petition did not state a cause of action; that there was a misjoinder of parties defendant; that there was a misjoinder of causes of action; that

the causes of action were barred by the statute of limitations; and, in addition, the First National Bank of Haskell, as to the third cause of action, assigned as a separate ground of demurrer that the petition showed on its face that all the questions involved in the third cause of action had been or should have been adjudicated. The trial court, on the 22nd day of June, 1933, sustained the demurrers, but on August 3, 1933, at the instance of the plaintiffs, set aside said order sustaining the demurrers, and thereupon the plaintiffs amended their petition and the defendants refiled their separate demurrers to the amended petition, and the demurrers coming on to be heard, the court overruled the demurrers of Cleat Peterson and Carr Peterson to the first cause of action and sustained the demurrer of the defendant First National Bank of Haskell to the first cause of action. The trial court sustained the demurrers of Cleat Peterson and Carr Peterson to the second cause of action and overruled the demurrer of the First National Bank of Haskell to the second cause of action, and sustained the demurrers of each of the defendants to the third cause of action, all the parties saving exceptions to the ruling of the court, but none of the defendants have filed a cross-petition in error. The trial court found that the first cause of action should be dismissed as to the First National Bank of Haskell and that the same should be refiled separately. The court further found that the second cause of action should be dismissed as to Carr Peterson and Cleat Peterson, and that the same should be refiled separately. The result of the orders of the court, if complied with, would have been as follows: The first cause of action would have been filed as a separate cause of action against the two Petersons, the second cause of action would have been filed as a separate action against the First National Bank of Haskell, and the third cause of action would have remained as a separate cause of action against each of the defendants, subject to amendment if plaintiffs so desired.

The judgment of the trial court does not state the particular grounds on which the separate demurrers were sustained. We think, however, it sufficiently appears that the demurrers were sustained on the ground of misjoinder of causes of action; otherwise, there would have been no occasion for the court to make the order that the first two causes of action should be refiled separately, thus leaving plaintiffs with three separate and distinct actions pending in the court. The plaintiffs then in open court declined to plead further, elected to stand upon their second amended petition, and declined to file separately the first cause of action and declined to file separately the second cause of action. Thereupon the court ordered said petition to be dismissed and the case is duly here on appeal. The plaintiffs assign 13 grounds of error for reversal of the cause all of which are based on the assumption that the trial court committed error in sustaining the demurrers and dismissing the petition when plaintiffs declined to comply with the order of the court or to plead further.

Conceding, but not deciding, that plaintiffs' first cause of action states facts sufficient to constitute a cause of action under section 5099, C. O. S. 1921, and that said section authorizes the kind of action set up in such first cause of action, it is evident that such action can be brought, if at all, only against the holder of the contract upon which the alleged usurious interest was charged. Such section, in so far as it is material here, is as follows:

"Any contract for the loan of money, where the rate of interest taken, received, reserved or charged is greater than the rate as declared in section 1004 of the Revised Laws of Oklahoma 1910, may be liquidated in the following manner: On the date such contract falls due, or at any time before suit for the collection thereof is instituted, the payor, his agent, attorney, or legal representative may tender to the holder thereof the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved, or collected thereon, said tender to be in writing, and to such party only as service may be had as in case of actions at law, and the payee of said contract is hereby given 24 hours thereafter to answer such tender, and such answer shall be in writing, and the acceptance or final rejection thereof shall constitute and be a full and complete satisfaction of such indebtedness."

It is readily seen that under the section the tender is made only to the holder, and, when so made, liquidates the contract. If, however, we disregard the above section on which the action is professedly based and treat it as an action founded on section 5098, C. O. S. 1921 (section 9519, Okla. Stats. 1931), as an action for the recovery of double the amount of interest paid, although no such relief is asked, such section gives only a cause of action against the person charging or receiving such interest, its express provision being that the person paying usurious interest "may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an

action of debt twice the amount of the entire interest paid." Thus, under one section of the statute the action provided is a personal action for twice the amount of money against the person receiving or taking the usurious interest, and, under the other section, the contract may be liquidated by tendering to the holder thereof the exact amount of money received from the lender less the amount of the interest charged or received on such contract. Each of the proceedings is purely statutory and penal in nature, and cannot be extended by construction to include persons not named in the statute.

Conceding, but not deciding, that the second cause of action is properly brought under section 5198 of the United States Revised Statutes, 12 USCA 86, and states a cause of action for the recovery of twice the amount of usurious interest charged, such action can be maintained only against the First National Bank of Haskell. This statute, in so far as material here, is as follows:

"In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, that such action is commenced within two years from the time the usurious transaction occurred."

It is at once apparent from this statute that the recovery can only be had from the association, that is, the National Bank, taking or receiving the usurious interest. The relief provided by this section is wholly statutory and penal in nature, and therefore cannot be extended to include acts or persons not therein mentioned, and plaintiffs' right to recover under said section is limited solely to the defendant bank, and the allegations in each of said causes of action as to the defendants Peterson, being officers of such bank and in charge of its business and affairs, cannot enlarge the provisions of the state and federal statutes cited nor confer on them any right to maintain an action not expressly authorized by such statutes. Indeed, the defendant First National Bank of Haskell, being a corporation, can only act by and through its officers and employees, and identifying the particular persons through whom such bank acted is but naming the agents through whom the bank transacts its business.

The third cause of action is, as we have said, against all the defendants and covers other and different acts from the collection of usurious interest. A plaintiff may join distinct causes of action against a defendant or defendants only in the instances named in section 266, C. O. S. 1921 (section 199, Okla. Stats. 1931), where, except in actions to enforce mortgages or other liens, each cause of action affects all the parties to the action. Section 268, C. O. S. 1921 (section 201, Okla. Stats. 1931), among other grounds of demurrer, expressly provides for demurrer where several causes of action are improperly joined, and section 271, C. O. S. 1921 (section 204, Okla. Stats. 1931), expressly provides that when a demurrer is sustained on the ground of misjoinder of several causes of action, the court shall, on the motion of the plaintiff, permit him to file several petitions. We think a review of the several causes of action clearly demonstrates that they could not have been properly joined in one action under the provisions of section 266, C. O. S. 1921 (section 199, Okla. Stats. 1931). It is evident they could not be joined unless it be under the first subdivision of said section, and it is difficult, if not impossible, to see how the charging and receiving of usurious interest by the defendants Peterson, could arise out of the same transaction as the charging and receiving of usurious interest by the defendant First National Bank of Haskell. Each loan was made by separate and independent entities. Each constituted a separate and distinct contract. No judgment could be rendered against all the defendants on all the causes of action. It is also difficult to see what connection there may be between the two causes of action based on the reception of the usurious interest and the third cause of action, which is for the alleged oppressive and fraudulent acts resulting in depriving plaintiffs of their farm. No judgment could be rendered against the First National Bank of Haskell under the first cause of action—indeed, no judgment is asked against it. No judgment could be rendered against the defendants Peterson in the second cause of action—indeed, no judgment is asked against them. The only cause of action in which a judgment could be rendered against all the defendants is the third cause of action, and if judgment was recovered by the plaintiffs we would have the anomalous condition that in one action judgment was rendered against different parties defendant on different and separate causes of action and against all the defendants on one cause of action. Nor can said actions be said to be connected with the same subject of action. The subject of the first cause of action is the liquidation of an alleged usurious contract and mortgage between the defendants Peterson, and the

only transactions which could be connected with such subject of action would be the acts and things surrounding the execution of the contract and mortgage and the charging and collection of the alleged usurious interest, and such acts and things could have no connection with the contract and the collection of usurious interest thereunder set up in the second cause of action. Nor could the wrongful acts set out in the third cause of action have any connection with the things set out in the first and second causes of action. The first cause of action seeks the liquidation of a usurious contract under the Oklahoma statute. The second cause of action seeks to recover against the defendant bank twice the amount of usurious interest as provided in the United States Statutes. The third cause of action seeks to recover for torts alleged to result in the loss of plaintiffs' farm. Can it be possible to conceive of three more separate and distinct causes of action, or to imagine that the transactions connected with one subject of action can be connected with the other subjects of action? Without doubt the petition in this case joins several distinct causes of action, neither of which falls within the permissible clauses of section 266, C. O. S. 1921 (sec. 199, Okla. Stats. 1931), but if said causes of action did fall within one of the saving clauses of such section, they would fail to meet the test provided of each of the causes of action affecting all of the parties to the action. Sharum v. Sharum, 101 Okla. 273, 225 P. 682; Stone v. Case, 34 Okla. 5, 124 P. 960; Thompson v. Gatlin et al., 58 Fed. 534; Southern Surety Co. v. Patterson Steel Co., 111 Okla. 39, 237 P. 588; Haskell County Bank et al. v. Bank of Santa Fe, 51 Kan. 39, 32 P. 624; Gardner v. Ogden et al., 22 N. Y. 327; Bryan et al. v. Sullivan, 55 Okla. 109, 154 P. 1167.

While the ruling of the trial court sustaining the demurrers does not distinctly state the demurrers are sustained on the ground of misjoinder of causes of action, we think that the requirement that the first and second causes of action be separately filed indicates beyond question that the demurrers were sustained on account of misjoinder of causes of action; but, however this may be, the rule of law is that where several grounds of demurrer are set out, some of which go to the merits and some only to the form of the action, the assumption is that the demurrers were sustained on defects that do not go to the merits. The demurrers herein containing grounds going both to the merits and some only to the form of the action, the assumption is that the demurrers were sus-

tained on defects that do not go to the merits. The demurrers herein containing grounds going both to the merits and to the misjoinder of causes of action, it will be presumed the demurrers were sustained on the ground of misjoinder. Huchings v. Zumbrunn. 86 Okla. 226, 208 P. 224. But, if it be contended that the demurrer to the third cause of action was sustained on the merits and that said cause sufficiently states a cause of action as to be impervious to demurrer to the merits, and therefore the ruling of the trial court is erroneous, the answer is that the demurrer also assigns as a ground of demurrer misjoinder of causes of action. This being so, the demurrer was rightfully sustained on such ground, and therefore falls within the rule that when a demurrer is sustained on a wrong ground, this court will consider all the grounds assigned and the order will be sustained if any such ground is well taken. Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 P. 416; State ex rel. v. Oklahoma City, 67 Okla. 18, 168 P. 227; Koch v. Speedwell Motor Car Co., 24 Cal. App. 123, 140 P. 598.

If it be said that in sustaining the demurrers the trial court was in error in dismissing the first and second causes of action and requiring plaintiff to separately file the first two causes of action, this was but requiring the plaintiffs to do what the law gave them the privilege of doing, and plaintiffs declining to separately file their causes of action, declining to plead further, and electing to stand on their second amended petition, they in effect declined to take advantage of the opportunity of repleading offered by the statute, the action of the court, if error, is error without prejudice. After the ruling on the demurrer, the plaintiffs having declined to separately file their different causes of action, declining to plead further, and electing to stand on their second amended petition, there was nothing left for the trial court to do except to dismiss plaintiffs' action. In fact, it was the duty of the court so to do. McBride v. Cowan, 80 Okla. 72, 194 P. 208; Denton v. Walker, 90 Okla. 222, 217 P. 386; Cook v. Search, 100 Okla. 45, 226 P. 1039; Dickerson v. Crozier, 128 Okla. 162, 261 P. 545; Thompson v. Gatlin, 58 Fed. 534.

Having come to the conclusion that the demurrers were rightfully sustained on the ground of misjoinder of causes of action, and that the judgment of the court dismissing plaintiffs' action on their refusal to plead further was without error, it is unnecessary to consider whether the demurrer of the

First National Bank of Haskell, based on the ground of res adjudicata. was a sufficient pleading of such ground, and, if so, to which, if any, of the defendants it applied. It follows that the judgment of the trial court in sustaining the demurrers should be, and, the same hereby is, affirmed.

The Supreme Court acknowledges the aid of Attorneys James B. Diggs, W. J. Donohue, and E. J. Doerner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Diggs and approved by Mr. Donohue and Mr. Doerner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.