1, 232 P. 46. There is generally a presumption of capacity. In re Nitey's Estate, 175 Okla. 389, 53 P. (2d) 215. But where insanity has been shown to exist, and is described as of a chronic and progressive nature, a presumption of continuance arises. Alexander's Comm. on Wills, vol. 1, p. 487, sec. 357. Fourth. In the final analysis, the presence or absence of testamentary capacity must be determined as of the time the will is executed. In re Wah-kon-ta-he-um-pah's Estate, 108 Okla. 1, 232 P. 46, and other cases cited under "Wills." 21-55, vol. 14 Oklahoma Digest by West Publishing Co. Every physician who examined testator said his nervous disorder was of a type that precluded testamentary capacity. The attending physician said the testator was in a stupor a part of the day of his death. The will was executed three or four hours before death. The trial judge placed great stress upon the nearness to death.

RILEY, PHELPS, GIBSON, and HURST, JJ., concur. WELCH, CORN, and DAVISON, JJ., dissent. OSBORN, C. J., not participating.

PER CURIAM. The parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs filed an action for damages. On the 5th day of March, 1937, the court sustained a demurrer to the amended petition and dismissed the action. No notice of intention to appeal was given until the 18th day of March, 1938. A motion to dismiss has been filed on the ground that this court is without jurisdiction of the appeal. The appeal must be dismissed. Blackmon v. Reid, 170 Okla. 122, 38 P.2d 957; Thomas v. Richey, 171 Okla. 349, 42 P.2d 489. In Thomas v. Richey, supra, we held:

"Section 531, O. S. 1931, is mandatory, and, among other things, provides that 'the party desiring to appeal shall give notice in open court. either at the time the judgment is rendered. or within ten days thereafter, of his intentions to appeal to the Supreme Court,' and an attempted appeal not in conformity with the provisions of the statute will be dismissed."

The appeal is dismissed.

BAYLESS, V. C. J.. and PHELPS, CORN, GIBSON, and HURST, JJ., concur.

**FISHENCORD et al. v. PETERSON et al.**

No. 28115. March 22, 1938.

Elbert Hinds and Howard S. Keagy, for plaintiffs in error.

Malcolm E. Rosser, Malcolm E. Rosser, Jr., and Fred W. Martin, for defendants in error.

**LOCAL UNION TEXTILE WORKERS NO. 1840 v. COMMANDER MILLS, Inc.**

No. 28306. March 22, 1938.

W. R. Kerr, for plaintiff in error.

Coffey & Coffey, for defendant in error.

PER CURIAM. This is an action for