**FISHENCORD et al. v. PETERSON et al.**

No. 29028.    Oct. 17, 1939.

Albert Hinds, of Muskogee, and Howard S. Keagy, of Okmulgee, for plaintiffs in error.

Fred M. Martin, of Wagoner, and Malcolm E. Rosser and Malcolm E. Rosser, Jr., both of Muskogee, for defendants in error.

PER CURIAM. On the 16th day of June, 1938, plaintiffs in error filed an action in the district court of Muskogee county, Okla., against Carr Peterson, Cleat Peterson, and First National Bank of Haskell, Okla., seeking damages by reason of an alleged illegal ouster from certain premises. On the 27th day of June, 1938, the court sustained the motion of the defendants to dismiss this petition after a plea to the jurisdiction of the court on the ground that the statute of limitations had run against said action. The plaintiffs in error have appealed from this order of dismissal, and the sole question presented is the error of the trial court in sustaining the plea to the jurisdiction and dismissing the action.

The record discloses that a petition consisting of three causes of action was filed by the plaintiffs in error on February 16, 1933, and that the trial court sustained the demurrer to the petition on the ground of misjoinder of causes of action, and an appeal was taken from the order and the ruling of the court, and the action of the trial court was affirmed in Fishencord v. Peterson, 173 Okla. 382, 49 P.2d 128; that thereafter, on September 10, 1936, plaintiffs filed three separate cases in the trial court, and it is stated in the brief of the plaintiffs in error that the cause of action in the case at bar is the third cause of action in the petition involved in the first appeal and which was presented in the trial court in the third case filed on September 10, 1936. This case representing the said third cause of action was disposed of when the trial court sustained a demurrer to the petition and an appeal was taken to this court from the order sustaining the demurrer to the

petition and the case was dismissed in Fishencord v. Peterson, 182 Okla. 315, 77 P.2d 706.

The present case was filed following the disposal of the last above mentioned cause, and the petition was filed, as above stated, on the 16th day of June, 1938. It is the position of the defendants in error that the action is barred by the statute of limitations. It is admitted by the plaintiffs in error that the action is barred by the statute of limitations unless the plaintiffs in error have one year after the disposal of the cause involved in Fishencord v. Peterson, 182 Okla. 315, 77 P.2d 706, in which to file the action. As above stated, the appeal in the last above mentioned case was the third cause of action in the original petition filed February 16, 1933, and according to the statement in the brief of plaintiff in error, was in the identical language of said third cause of action.

We are of the opinion, and hold, that the court did not commit error in sustaining the plea to the jurisdiction and dismissing the cause, and that the order of the trial court should be affirmed. In Walker v. L. E. Meyers Const. Co., 175 Okla. 548, 53 P.2d 547, the court said:

"Under section 106, Okla. Stats. 1931, providing that if an action be commenced within due time and the plaintiff fail in such action, otherwise than upon the merits and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after the reversal or failure, a plaintiff may not bring repeated actions, after nonsuits, but only one action after expiration of the applicable period of limitation."

See, also, United States Fire Insurance Co. v. Swyden, 175 Okla. 475, 53 P.2d 284, and McDonald v. Epps, 176 Okla. 348, 55 P.2d 1018. In United States Fire Insurance Co. v. Swyden, supra, there is a thorough discussion of the rights under the provisions of section 106, O. S. 1931, 12 Okla. St. Ann. § 100.

The cause of action not having been filed within the statutory time as provided by section 106, supra, the order of the district court was correct in all respects, and the same is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.