GOODKIN et al. v. HOUGH, Sheriff.

No. 30464.   Oct. 20, 1942.

*130 P. 2d 93.*

E. C. Armstrong, of Idabel, for plaintiffs in error.

Tom Finney, of Idabel, for defendant in error.

PER CURIAM. This is an appeal by the plaintiffs from an order of the trial court modifying a judgment theretofore rendered against the defendant Joe Hough and another. The plaintiffs, members of a partnership, brought an action against G. M. Bradley for the recovery of some personal property. Joe Hough, sheriff, was joined as defendant. The journal entry of judgment included a personal judgment against Joe Hough. He filed a motion to vacate the judgment on the ground that it was improperly entered against him. The trial court on hearing the motion stated that at the time of signing the journal entry he did not know that it recited a judgment against the defendant Joe Hough, and that if he had known it, he would not have signed the journal entry of judgment, and under date of March 27, 1941, the court modified the judgment by eliminating the sheriff, Joe Hough. Notice of intention to appeal from the order of March 27, 1941, was not given within ten days.

The plaintiffs filed a motion for new trial, which was overruled on the 9th day of April, 1941. The appeal is from the order overruling the motion for new trial.

The action of the court in vacating the judgment constituted the vacating of a judgment on an irregularity, and the application to vacate the same is properly made under 12 O. S. 1941 § 1031, subd. 3.

Plaintiffs insist that the court erred as a matter of law in modifying the judgment and vacating the same as to the defendant Joe Hough. We are of the opinion, and hold, that we are precluded from determining this question. This court will, on its own motion, inquire into its jurisdiction regarding an order on appeal. Allen & Company v. Robertson, 180 Okla. 444, 70 P. 2d 75; Jones v. Toomey, 115 Okla. 169, 241 P. 1105; Howard v. Arkansaw, 59 Okla. 206, 158 P. 437; Dunbar v. Phillips Petroleum Co., 175 Okla. 489, 53 P. 2d 545.

The action of the trial court in vacating the judgment for the assigned reasons constituted the vacation of a judgment irregularly obtained as provided by 12 O. S. 1941 § 1031, subd. 3, as above stated, and the proceeding is by motion as provided by 12 O. S. 1941 § 1032.

The filing and determination of a motion for new trial does not extend the time in which to perfect the appeal. The appeal should have been directly from the order of March 27, 1941, and not from the order overruling the motion for new trial of April 9, 1941. Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391; Smith v. Morris, 166 Okla. 285, 27 P. 2d 631; Fishencord v. Peterson, 182 Okla. 315, 77 P. 2d 706; Blackmon v. Reid, 170 Okla. 122, 38 P. 2d 957, and Thomas v. Richey, 171 Okla. 349, 42 P. 2d 489.

In Smith v. Morris, supra, a similar situation involving an application arising on motion was considered. Therein the court said:

"Section 531, O. S. 1931, is mandatory, and, among other things, provides that 'the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court,' and an attempted appeal not in conformity with the provisions of the statute will be dismissed."

The appeal is dismissed.

WELCH, C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., absent.