TULSA MASONIC BLDG. ASS'N v.
COUNTY TREASURER et al.

No. 35008.    Oct. 9, 1951.

*236 P. 2d 487.*

C. R. Nixon and S. F. Goldwyn, Tulsa, for plaintiff in error.

Lewis Bicking, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for defendants in error.

PER CURIAM.    This matter grew out of the application by the Tulsa Masonic Building Association, a corporation, to secure a reduction in the taxable property of such corporation and the matter was heard and tried upon a stipulation of facts on November 28, 1950. On November 29, 1950, the Tulsa Masonic Building Association filed a motion for new trial which was overruled on December 9, 1950. No notice of intention to appeal was given on November 28, 1950, or within ten days thereafter.

A motion to dismiss has been filed for the reason this court is without jurisdiction to review the judgment of November 28, 1950. The motion must be sustained.

In Barkus v. Lincoln, 175 Okla. 533, 53 P. 2d 1102, it is stated:

"Where all the ultimate facts of a case are stipulated and the case is so treated and presented to the trial court, no motion for a new trial is necessary or proper, and the filing of such motion does not operate to extend the time within which appeals may be perfected in the Supreme Court."

In Whelchel v. Whelchel, 192 Okla. S, 133 P. 2d 192, the court stated:

"The notice of intention to appeal as provided by 12 O. S. 1941 §954, must be given within 10 days from the date of the judgment or order from which the appeal is taken; and where no showing is made that the notice of appeal was given within said time this court is without jurisdiction to review the order and the proceeding based thereon will be dismissed."

See, also, Smith v. Morris, 166 Okla. 285, 27 P. 2d 631; Thomas v. Richey, 171 Okla. 349, 42 P. 2d 489; Lusk v. Humble Oil & Refining Co., 140 Okla. 152, 282 P. 311, and Cameron v. Cameron, 90 Okla. 293, 217 P. 1033.

Since it was necessary to give notice of intention to appeal at the date of the rendition of the judgment of November 28, 1950, or within ten days thereafter, and no such notice was given, this court is without jurisdiction to review the order and the proceedings thereon will be dismissed.

Appeal dismissed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.