DURHAM et al. v. DALTON.

No. 35262.   Oct. 30, 1951.

*237 P. 2d 142.*

John Connolly, Jr., Oklahoma City, for plaintiffs in error.

John C. Moran, Oklahoma City, for defendant in error.

O'NEAL, J.   This is a second appeal in this case. The first was disposed of in Durham et ux. v. Sharum, 203 Okla. 426, 222 P. 2d 1029. Thereafter, the parties appeared in the trial court and the cause was tried to the court without a jury upon an agreed statement of facts. Thereafter, judgment was rendered for plaintiff. No notice of intention to appeal was given at the time of the entry of the judgment and the defendant filed a motion for new trial which was passed on the 16th day of March, 1951. The case-made was filed on the 12th day of September, 1951.

A motion to dismiss has been filed for the reason the case was tried and judgment entered on an agreed statement of facts on the 3rd day of March, 1951, and the appeal is not within time. The motion to dismiss must be sustained.

In State ex rel. Investors' Syn. v. Graham, City Water Com'r, 178 Okla. 473, 63 P. 2d 692, it is stated:

"When a cause is tried upon an agreed statement of facts, leaving for the court the sole question of application of the law to such facts, a motion for a new trial is unnecessary and unauthorized by the statute and does not extend the time within which an appeal may be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered and not from the date of the overruling of such unnecessary and unauthorized motion."

The plaintiffs in error have filed a response to the motion to dismiss in which it is stated that evidence was taken in the cause in addition to the agreed statement of facts. We cannot agree with this contention. A copy of the judgment rendered and supersedeas bond executed in case No. 10034, common pleas court of Oklahoma county, were attached to the petition as Exhibits A and B in case No. 13228 of said court. At a pretrial conference in the latter case, it was stipulated that "all court records may be admitted in evidence." On February 12, 1951, pursuant to stipulation in pretrial conference, the parties in case No. 13228, through their attorneys, entered into a stipulation

"this case may be submitted . . . on the facts stipulated below, and the said facts are to be admitted and become a part of the evidence in said case with the same force and effect as if witnesses were sworn and examined in open court." Item 1 of this stipulation provides that "plaintiff's petition and the facts therein contained are true and correct." The record shows that supersedeas bond became a part of the record by virtue of the stipulation on which the case was tried in the lower court.

In Landers v. Bank of Commerce, 106 Okla. 59, 233 P. 200, we held:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

Appeal dismissed.

ARNOLD, C.J., HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, and BINGAMAN, JJ., concur.