## CHAPMAN v. WESTERN UNION TELEGRAPH CO.

No. 35714. Feb. 17, 1953.

*253 P. 2d 825.*

W. S. Myers, Tulsa, for plaintiff in error.

Martin, Logan, Finney. Stanton & Moyers, Tulsa, for defendant in error.

WILLIAMS, J. The parties are designated herein as in the trial court.

This case was tried to the court below, upon an agreed and stipulated statement of the facts, a jury having first been duly drawn, empaneled and sworn to try the cause, and then, all the evidence having been agreed and stipulated to, jury trial waived by the parties and the jury by the court discharged. Judgment was rendered April 3, 1952. No notice of intentions to appeal was given in open court at the time or within ten days thereafter. Instead, plaintiff filed a motion for new trial which was by the trial court considered and overruled more than ten days after the pronouncement of the original judgment for defendant, to the order **overruling which** motion for new trial plaintiff excepted and from which order he first gave notice of intention to appeal, and from which he has appealed to this court.

Motion to dismiss has been filed for the reason that no notice of intention to appeal was given in time. The motion to dismiss **must** be sustained. 1' O.S. 1951 §954 specifically provides

that the party desiring to appeal shall give notice in open court either at the time judgment is rendered or within ten days thereafter. In Tulsa Masonic Bldg. Ass'n v. County Treasurer, 205 Okla. 169, 236 P. 2d 487, we held:

"Where all the ultimate facts of a case are stipulated and the case is so treated and presented to the trial court, no motion for new trial is necessary or proper, and the filing of such motion does not extend the time within which appeals may be perfected in the Supreme Court.

"The notice of intention to appeal as provided by 12 O.S. 1941, sec. 954, must be given within 10 days from the date of the judgment or order from which the appeal is taken; and where no showing is made that the notice of appeal was given within said time, this court is without jurisdiction to review the order and the proceeding based thereon will be dismissed."

Plaintiff argues that defendant introduced a telegram involved in the case and that therefore evidence was presented and that the case does not come within the rule of Tulsa Masonic Ass'n v. County Treasurer, supra. A similar argument was presented and disapproved in the case of Durham v. Dalton, 205 Okla. 243, 237 P. 2d 142. Therein we quoted with approval from Landers v. Bank of Commerce, 106 Okla. 59, 233 P. 200, wherein it is stated:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized by statute, and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

Appeal dismissed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'-NEAL, and BLACKBIRD, JJ., concur.