Emily E. DIXON, also known as Emily E. Dickson, and Earl I. Dixon, also known as Earl I. Dickson, Plaintiffs in Error,

v.

Samuel N. ROGERS, Defendant in Error.

No. 36403.

Supreme Court of Oklahoma.

Nov. 23, 1954.

intention to appeal to this court at the time judgment is rendered or within ten days thereafter if motion for new trial is unnecessary, this court is without jurisdiction to review such judgment and an appeal therefrom will be dismissed.' "

Appeal dismissed.

Herbert Hope, W. G. Long, Pauls Valley, for plaintiffs in error.

D. P. Parker, M. A. Holcomb, Buffalo, Richard W. Fowler, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The defendants filed an application to vacate the judgment on the ground that the summons was irregular. Such proceeding must be by motion under 12 O.S.1951 § 1031. On the 21st day of December, 1953, the trial court overruled the motion. On February 20, 1954, the court overruled a motion for new trial. The notice of intention to appeal was not given until after the latter order. A motion to dismiss has been filed for the reason the order overruling the motion for new trial was unnecessary and did not extend the time to give the notice of appeal. The motion to dismiss must be sustained. The filing and determination of the motion for new trial served no purpose to extend the time for commencing or perfecting the appeal. Thomas v. Richey, 171 Okl. 349, 42 P.2d 489.

In Long v. McMahan, Okl., 258 P.2d 616, it is stated:

"'Where a party desiring to appeal fails to give notice in open court of his